IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PEDRO J. BURGOS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NUMBER: 4:19-CV-00076-CDL |
| OPTION ONE MORTGAGE CORP. | § | |
| n/k/a SAND CANYON CORP. | § | MOTION TO REMAND CASE |
| | § | |
| Defendant. | § | |

**MOTION TO REMAND THIS CASE BACK TO THE SUPERIOR COURT DUE TO A LACK OF SUBJECT-MATTER JURSIDCITON, MOOTNESS, REMOVAL IS UNTIMELY AND OTHER GROUNDS TO WIT**

**COMES NOW, PEDRO J. BURGOS,** the Plaintiff in this action and hereby move this Court to remand this case back to the Superior Court of Muscogee County pursuant to **28 U.S.C. § 1447(c)** due to: (1) lack of subject-matter jurisdiction and (2) the removal is untimely as a matter of law as shown in this motion to wit:

**I. LACK OF SUBJECT-MATTER JURISDICTION**

1. First, this Court lacks subject-matter jurisdiction over this case, because the Superior Court of Muscogee County, has exclusive and original subject-matter jurisdiction over the real property pursuant according to **Georgia Constitution, Article VI § IV ¶ I** which reads: *"The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution.  They shall have exclusive jurisdiction over trials…. in cases respecting title to land."* Moreover, Georgia law provides that in cases respecting title to land under **O.C.G.A. § 44-2-60** states: *"For the purpose of enabling all persons owning real estate within this state to have the*

*title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon.*" Therefore, because Georgia law control with respect to this quiet title action, this Court lack subject-matter jurisdiction pursuant to Georgia laws and that Georgia law governed according to the Federal Rule of Decision Act. See, **28 U.S.C. § 1652**.

2. Secondly, this Court lacks subject-matter jurisdiction over this case under the doctrine of prior exclusive jurisdiction, set by the United States Supreme Court, in which the Supreme Court held that, whichever Court first obtains jurisdiction over the res, shall retain such exclusive jurisdiction over it. See, <u>Marshall v. Marshall</u>, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

3. Under the prior exclusive jurisdiction doctrine, however, *"when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res."* Id. (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 311 (2006)) (citing <u>Princess Lida of Thurn & Taxis v. Thompson</u>, 305 U.S. 456, 466-67 (1939)). *"Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation."* Id. (quoting <u>State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians</u>, 339 F.3d 804, 810 (9th Cir. 2003)). Consequently, *"[i]f the doctrine applies, federal courts may not exercise jurisdiction."* Id. at 1044. See, <u>NRZ REO X, LLC v. 7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019) (Muscogee Superior Court April 17th, 2019).

4. Finally, this Court lacks subject-matter jurisdiction under the local action doctrine which: *"vests exclusive jurisdiction over specified types of actions involving real property in the forum where the property is located."* See, <u>Eldee-K Rental Props., LLC</u> v. <u>DIRECTV, Inc.</u>, 748 F.3d 943, 946 (9th Cir. 2014); see also <u>United States</u> v. <u>Byrne</u>, 291 F.3d 1056, 1060 (9th Cir. 2002) *("The federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries.").* This action involves wrongful foreclosure and real properly located with the exclusive jurisdiction of Muscogee County, Georgia and thus is a local action within the State of Georgia. Therefore, removal was improper, and this Court lacks subject-matter jurisdiction over this local action.

## II. DEFENDANT'S REMOVAL IS UNTIMELY AS A MATTER OF LAW

1. First, the Plaintiff aver that Defendant's removal of this case is untimely as a matter of Federal law. The removal is untimely from the date, Defendant first received service of the Summons, Complaint and discovery through its legal agent, the Georgia Secretary of State by Michael T. Rivers, Court-Appointed Process Server on June 14th, 2013. Thus, the Defendant have consented to the Georgia Secretary of State to be its agent according to Georgia law pursuant to **O.C.G.A. § 14-2-1520(c)**. Therefore, service of process upon the Georgia Secretary of State was service upon the Defendant in this action as a matter of Georgia law. Moreover, a parallel case for quiet title is pending in the Superior Court. See, <u>NRZ REO X, LLC v. 7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019). Therefore, the removal was improper, and this Court lacks jurisdiction under <u>Marshall</u>, supra.

2. Finally, the removal is also untimely as this case was removed to this Court, more than (4) years after entry of the State Court final judgment in clear violation of the (1) year equitable provision under **28 U.S.C. § 1446(c)(3)(B)**.

3. Moreover, the statute later provides that if: *"the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."* See, **28 U.S.C. § 1446(c)(3)(B)**. Thus, Plaintiff's Complaint and the Notice of Removal clearly show on their face that Plaintiff properly disclosed the amount in controversy in this action which shows no bad faith on the part of the Plaintiff as this Court have said in the past. See, <u>Public Service Towers, Inc.</u> v. <u>Best Buy Stores, LP</u>, 28 F.Supp.3d 1313 (M.D. Ga. 2014). Therefore, this Court must conclude that Defendant's removal of this case is barred by the (1) year statute of limitation.

### III. CONCLUSION

1. The Court clearly lacks subject-matter jurisdiction over this case which prevent any litigation in this Court of matters. If it appears at any time that a District Court lacks subject matter jurisdiction over a case removed, the District Court must remand the case as required by Federal law. See, **28 U.S.C. § 1447(c)**; See also <u>White</u> v. <u>Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000). Once again, Defendant's counsels, have filed yet another frivolous removal of this case. Plaintiff has incurred time, litigation expenses and cost. Therefore, based upon the forgoing facts of this case, it should be clear to this Court, that Defendant's counsel removed this case in bad faith and it must be deemed frivolous with respect to Defendant's notice.

2. A parallel case for quiet title is now pending in the Superior Court. See, <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019). Therefore, the removal is improper, and this Court lacks jurisdiction under <u>Marshell</u>, supra. The Plaintiff and his counsel will move this Court for **Rule 11** sanctions and for any cost under **28 U.S.C. § 1447(d)** in a separate motion.

**WHEREFORE,** the Plaintiff move this Court to remand this case back to the Superior Court of Muscogee County pursuant to **28 U.S.C. § 1447(c)** due to this Court's lack of subject-matter jurisdiction and the untimeliness of said removal.

Respectfully submitted this __11TH__ , day of June 2019.

_____
Frederick S. Jones, Esq.
Georgia Bar No. 143066
Attorney for the Plaintiff

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**

## CERTIFICATE OF SERVICE

**COMES NOW, FREDERICK S. JONES,** Attorney for Plaintiff in the above-styled civil action and certify that I have served the Defendant with a copy of Plaintiff's MOTION TO REMAND filed in support by EFC E-Served and or by U.S. First Class Mail addressed as follows:

>Mr. Gary J. Toman, Esq.
>Weinberg Wheeler Hudgins Gunn & Dial
>3344 Peachtree Road, N.E.
>Suite 2400
>Atlanta, GA 30326

Respectfully submitted this ___11th___ , day of June 2019.

_____
Frederick S. Jones, Esq.
Georgia Bar No. 143066
Attorney for the Plaintiff

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**