**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **PEDRO BURGOS,** ) | |
| ) | |
| **Plaintiff;** ) | |
| ) | **Civil Action File No.** |
| **v.** ) | |
| ) | **4:19-cv-00076-CDL** |
| **OPTION ONE MORTGAGE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

---

**SAND CANYON CORPORATION'S**
**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

---

Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") files its Response in opposition to Plaintiff Pedro Burgos' ("Plaintiff") "Motion to Remand this Case Back to The Superior Court Due to a Lack of Subject-Matter Jursidciton [sic], Mootness, Removal is Untimely, and Other Grounds to Wit." (Doc 5).

## I.   INTRODUCTION

This is the second time this case has been removed.  The first time, the Court remanded the case to state court because it determined the case was not a live case or controversy since a final default judgment had been entered in 2014 and the time for appeal had lapsed.[1]  Following remand, Sand Canyon moved in state court to have the default judgment set aside because it was never served with the Summons and Complaint.  On May 1, 2019, the state court conducted a hearing on Sand Canyon's motion to set aside the default and granted the motion.  Specifically, the state court found that Plaintiff failed to serve Sand Canyon and that, due to the insufficient

---

[1] A copy of this Court's Remand Order in Case No. 4:18-CV-00223-CDL is included in the record at Doc 1-6.

service of process, the default judgments entered by the state court in 2013 and 2014 were void and due to be set aside because the court lacked personal jurisdiction over Sand Canyon and had no power to render a judgment. (Doc 1-7, May 1, 2019, State Court Order, p. 2).

Twelve days later, on May 13, 2019, Sand Canyon removed this case again. (Doc 1).  In its Notice of Removal,[2] Sand Canyon demonstrated that removal to this Court is proper under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  Sand Canyon's removal is based on federal question jurisdiction because a federal question appears on the face of Plaintiff's Complaint (Plaintiff's Complaint includes a federal RICO claim), and on diversity jurisdiction because the parties are completely diverse (Plaintiff is a citizen of Georgia and Sand Canyon is a citizen of California) and the amount in controversy, exclusive of interest and costs, exceeds $75,000 (Plaintiff demands more than $15 million in compensatory and punitive damages in his Complaint and further demands treble damages per O.C.G.A. § 16-4-6(c) and 18 U.S.C. § 1964(c)).

On June 11, 2019, Plaintiff filed a Motion to Remand (Doc 5) in which he argues that Sand Canyon's removal is improper because this Court lacks subject matter jurisdiction over this case and because Sand Canyon's removal is untimely.  However, as demonstrated in detail below and in Sand Canyon's Notice of Removal, each of Plaintiff's arguments is without merit.

## II.     RELEVANT PROCEDURAL HISTORY

### A.     Plaintiff's Complaint And The Default Judgments.

This lawsuit was initiated by Plaintiff, a Georgia resident, against Sand Canyon,[3] a California resident, in the Superior Court of Muscogee County, Georgia, on April 5, 2013. (Doc

---

[2]  Sand Canyon incorporates its Notice of Removal (Doc 1) into this Response as if set forth here in full.

[3]  Plaintiff actually filed suit against "Option One Mortgage Corporation," which is the prior name of Sand Canyon Corporation.  On May 29, 2008, Option One Mortgage Corporation changed its name to Sand Canyon Corporation. (Doc 1-2 at 3, Hood Aff. ¶ 5). For purposes of convenience, Defendant refers to itself as "Sand Canyon" throughout this brief.

1-1, Compl., p. 2 ¶¶ 1, 2; Doc 1-2, Aff. of Michele Hood ¶¶ 4, 6).  In his Complaint, which Plaintiff named "Complaint for Damages, Fruad [sic], RICO, Gross Negligence, Permanent Injunction and Declaratory Relief," Plaintiff asserted various federal and state law claims arising out of a mortgage loan he obtained from Sand Canyon in 2002, the assignment of his loan to Wells Fargo, and the subsequent foreclosure by Wells Fargo. (Doc 1-1, pp. 4-27).  Plaintiff's Complaint specifically includes claims for fraud, Georgia and federal RICO, theft, conspiracy, gross negligence, bad faith, malice, willful misconduct, trespass against property, improper solicitation of money through the mail, and unjust enrichment. (*Id.*)  Plaintiff's Complaint also includes equitable claims for an accounting and for "quia timet in equity." (Doc 1-1, pp. 19, 23-25).

In his Complaint, Plaintiff demanded compensatory, general, special, and punitive damages in excess of $15,000,000, and he further demanded that all damages be trebled pursuant to O.C.G.A. § 16-4-6(c) and 18 U.S.C. § 1964(c). (Doc 1-1, p. 26).  In sum, Plaintiff has asserted federal and state law claims against Sand Canyon in this case and demanded damages in excess of $45,000,000, exclusive of interest and costs.

On or about April 8, 2013, Plaintiff served a copy of the Summons and Complaint on the Georgia Secretary of State; however, Plaintiff did not serve Sand Canyon. (Doc 1-3, pp. 95-97; Doc 1-7, May 1, 2019, State Court Order, p. 3 ("The Court finds that Plaintiff failed to strictly comply with the service of process statutes and did not serve Defendant in this case.")).  Plaintiff subsequently obtained two default judgments against Sand Canyon: one on August 7, 2013, and the second – a Final Order and Judgment – on October 10, 2014, which awarded Plaintiff $178,000 in damages and $10,000 in expenses. (Doc 1-3, pp. 109-113, 151-157).

**B.    The Post-Judgment Motions Filed In State Court, And Sand Canyon's Receipt Of A Hearing Notice.**

On October 10, 2017, Plaintiff filed a motion to set aside the default judgment because he was not satisfied with the amount of his judgment. (Doc 1-3, pp. 158-61).  On June 26, 2018, third-party Wells Fargo Bank, N.A., as trustee for the Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1 ("Wells Fargo") filed a motion to intervene. (*Id*. at 162-64).  Thereafter, Plaintiff and Wells Fargo each filed various objections and motions related to Plaintiff's motion to set aside the default judgment and Wells Fargo's motion to intervene; and, on October 3, 2018, the state court entered an Order and Notice of Hearing ("Hearing Notice") scheduling these post-judgment motions for a hearing. (Doc 1-3, pp. 467-68).  Fortunately, the state court sent a copy of the Hearing Notice to Sand Canyon, which Sand Canyon received on October 6, 2018, and was first alerted to the existence of this case. (Doc 1-2, Hood Aff. ¶ 8).

**C.    Sand Canyon's First Removal, and Remand.**

On November 5, 2018, Sand Canyon removed this case to federal court on the basis of federal question jurisdiction and diversity, and the case was docketed as Case No. 4:18-CV-00223-CDL. (Doc 1-4, pp. 5-15).  On February 12, 2019, this Court remanded the case to state court, concluding that because a final judgment had been entered in 2014 and the time for appeal had lapsed, "the state court action is no longer 'pending,' and there is no longer a live case or controversy." (Doc 1-4, pp. 34-35).  Importantly, the Court noted that "[n]othing in this Order shall prevent Defendant from seeking to set aside the judgment in the Superior Court," and that the Court's "ruling is certainly not meant to suggest that Defendant may not, once the case is remanded to the Superior Court, pursue a motion to set aside the judgment under O.C.G.A. § 9-11-60(d)." (*Id*. at 35, n.3).

4

**D.     The State Court's Order Setting Aside The Default Judgments Due To Lack Of Service Of Process.**

Following remand, on March 4, 2019, Sand Canyon filed a Motion to Set Aside the Default Judgments pursuant to O.C.G.A. § 9-11-60(d), along with a supporting Memorandum of Law and Evidentiary Submission. (Doc 1-4, pp. 53-561).  On May 1, 2019, the state court held a hearing on Sand Canyon's motion and thereafter granted Sand Canyon's motion, vacated the default judgments and opened the case. (Doc 1-7, Order, May 1, 2019).  In the state court's Order, the court specifically found that the prior default judgments were void and due to be set aside because Plaintiff failed to serve Sand Canyon with legal process:

> **The Court finds that Plaintiff failed to strictly comply with the service of process statutes and <u>did not serve Defendant in this case</u>.  Accordingly, due to the insufficient service of process, the Judgments are void as a matter of law because the court lacked personal jurisdiction and had no power to render a judgment.**

(Doc 1-7, p. 2) (emphasis supplied).

**E.     Sand Canyon's Second Removal And Plaintiff's Motion To Remand.**

On May 13, 2019, Sand Canyon removed this case to federal court. (Doc 1).  As stated in Sand Canyon's Notice of Removal, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), and pursuant to 28 U.S.C. § 1332 because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc 1, pp. 6-8, Notice of Removal ¶¶ 15-20).

On June 11, 2019, Plaintiff filed a Motion to Remand which he titled, "Motion to Remand this Case Back to the Superior Court Due to a Lack of Subject-Matter Jursidciton [sic], Mootness, Removal is Untimely and Other Grounds to wit." (Doc 5).  Despite its title, Plaintiff only asserted two arguments for remand.  First, Plaintiff argued that this case should be

remanded because this Court lacks subject matter jurisdiction over this case. (*Id.* at 1-3). Second, Plaintiff argued for remand based on his contention that Sand Canyon's removal was untimely. (*Id.* at 3-4).

Additionally, on June 11, 2019, Plaintiff filed a "Notice of Partial Dismissal Without Prejudice of Plaintiff's Federal RICO Claims Referred to in Error in the Complaint," wherein he attempted to "partially and voluntarily dismiss" his federal RICO claim pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Docs 6, 7).

**F.    Service Of Process On Sand Canyon:  June 14, 2019.**

On May 1, 2019, the state court ordered Plaintiff to serve Sand Canyon with all pleadings and process that he had previously filed and/or attempted to serve in this case within 30 days, i.e., by May 31, 2019. (Doc 1-7, p. 4 ¶ 4).  Plaintiff failed to meet this deadline; however, on June 14, 2019, Plaintiff served a copy of his Summons and Complaint on Sand Canyon's local counsel, who had been authorized by Sand Canyon to accept service of the Summons and Complaint for purposes of this case. (Docs 11, 12).

**III.    ARGUMENT**

**A.    This Court Has Subject Matter Jurisdiction Over This Case.**

As demonstrated in Sand Canyon's Notice of Removal, this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  This Court has federal question jurisdiction because Plaintiff's Complaint includes a federal claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961 et seq., over which this Court has original jurisdiction. (Complaint at pp. 7-9 ("Count Two:  Georgia and

Federal RICO Racketeering"); p. 23, ¶ 4 ("The Plaintiff demand [sic] that all damages be tripled pursuant to … Federal RICO Act, 18 U.S.C. 1694(c)…."))[4]

This Court also has diversity jurisdiction because Plaintiff and Sand Canyon are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiff is a citizen of Georgia. (Plaintiff's Complaint at p. 2 § 3 ¶ 1).  Sand Canyon is a citizen of California – it was incorporated under the laws of California and has maintained its principal place of business in California. (Plaintiff's Complaint at p. 2 § 3 ¶ 2, Ex. A (Certificate of Withdrawal); Hood Aff. ¶¶ 4, 6).  Accordingly, complete diversity exists in accordance with 28 U.S.C. § 1332(a)(1), (c)(1).  The amount in controversy exceeds the sum or value of $75,000, because Plaintiff explicitly prays for more than $15 million in compensatory and punitive damages in his Complaint and further requests that these damages be tripled pursuant to O.C.G.A. § 16-4-6(c) and 18 U.S.C. § 1964(c). (Complaint at p. 23).

## 1.    State Law Does Not And Cannot Deprive A Federal Court of Federal Jurisdiction.

In his Motion to Remand, Plaintiff first argues that this Court lacks subject matter jurisdiction over this case because he claims this action is a quiet title action and that the superior

---

[4]   Following removal, Plaintiff filed a "Notice of Partial Dismissal Without Prejudice of Plaintiff's Federal RICO Claims Referred to in Error in the Complaint," pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  To the extent Plaintiff is seeking to dismiss his federal RICO claim, Rule 41 does not authorize such dismissal because that rule applies to the dismissal of "actions," not "claims." *See Klay v. United HealthGroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.").  Sand Canyon assumes Plaintiff filed this Notice in an attempt to deprive this Court of federal question jurisdiction through the dismissal of his federal RICO claim; however, such a tactic is not effective.  The law is clear that removal is judged by the pleadings at the time of removal, and that plaintiff may not defeat federal jurisdiction by amending his pleadings following removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that federal jurisdiction "was to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), *overruled on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) ("[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction.").

courts of Georgia have exclusive jurisdiction over cases involving title to lands. *See* Plaintiff's Motion to Remand at 1-2.  In support of his argument, Plaintiff cites to the Georgia Constitution, Article VI, § IV ¶ 1, and O.C.G.A. § 44-2-60.

Plaintiff's first argument should be summarily rejected by this Court for two reasons. First, his characterization of this case in which he seeks over $45,000,000 (not counting his claim for interest which exceeds $60,000,000) as simply a "quiet title action" is disingenuous at best. Indeed, Plaintiff has named his own Complaint as a "Complaint for Damages, Fruad [sic], RICO, Gross Negligence, Permanent Injunction and Declaratory Relief," and he has specifically asserted a litany of tort, statutory, and other claims against Sand Canyon that are not intended to quiet title.  These claims include claims for fraud, Georgia and federal RICO, theft by deception, conspiracy to commit a crime, gross negligence, bad faith, malice, willful misconduct, trespass against property, unjust enrichment, and claims for an accounting and for improper solicitation of money through the mail. (Complaint pp. 1-22).

Second, even if the Georgia laws cited by Plaintiff applied to his claims in this case, those laws do not purport to grant state courts exclusive jurisdiction over real estate disputes to the exclusion of federal courts; and even if they did, the law is clear that "a state statute granting certain state courts exclusive jurisdiction cannot deprive the federal courts of removal jurisdiction." *Davis v. JPMorgan Chase Bank*, 2014 WL 12861415, *5 (N.D. Ga. April 10, 2014); *see Marshall v. Marshall*, 547 U.S. 293, 314 (2006) ("Under our federal system, Texas cannot render its probate courts exclusively competent to entertain a claim of that genre."); *Hindes v. FDIC*, 137 F.3d 148, 168 n.15 (3d Cir. 1998) (holding that "a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction").  A basic premise of federalism necessitates that state legislatures do not have the authority to impair, restrict, or destroy the

jurisdiction of federal courts granted under the U.S. Constitution. *See Cowles v. Mercer Cty.,* 74 U.S. 118, 121 (1869).

Following this principle, federal courts sitting in Georgia have repeatedly and consistently rejected the precise argument Plaintiff is making here. *See, e.g., Porter v. Ocwen Loan Servicing, LLC*, 2018 WL 6829043, *3-4 (N.D. Ga. Oct. 16, 2018) (denying motion to remand and specifically rejecting Plaintiff's argument that Georgia's state courts have exclusive original jurisdiction over cases involving real property, titles, recording, and foreclosure); *Pritchett v. Ocwen Loan Servicing, LLC*, 2016 WL 11570891, *3 (N.D. Ga. Oct. 17, 2016); *Davis v. JPMorgan Chase Bank*, supra at *5-6.

In *Roberts v. CitiMortgage, Inc.*, 2015 WL 11549383 (N.D. Ga. May 1, 2015), the court explained:

> Even if the Court were to assume that O.C.G.A. § 44-2-60 was intended to reserve jurisdiction over such claims exclusively in state court instead of merely mandating that when the claims are heard in the state system, they are to be heard in the superior court of the county in which the land is located, **this Court would not be divested of removal jurisdiction.** Contrary to Plaintiff's contention, jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a state statute, even if the state statute created the right of action. *Marshall v. Marshall*, 547 U.S. 293, 314 (2006). **Thus, state legislation cannot defeat a federal court's jurisdiction.**

*Id.* at *2 (emphasis supplied). Similarly, in *Borges v. Bank of Am.*, 2012 WL 4328374 (N.D. Ga. May 1, 2012), the court explained: "a state statute cannot deprive a federal court of diversity jurisdiction by providing that a claim actionable under state law may be prosecuted only in a state court." *Id.* at *8.

Accordingly, Plaintiff's contention that this Court lacks subject matter jurisdiction based on Georgia law is without merit and should be rejected by this Court.

2.    **Plaintiff's "Prior Exclusive Jurisdiction Doctrine" Argument Fails Because This Action Is In Personam, Not In Rem.**

Next, Plaintiff incorrectly argues that this Court lacks subject matter jurisdiction under *Marshall v. Marshall*, 547 U.S. 293, 311 (2006), relying on language stating "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res" which Plaintiff describes as the "prior exclusive jurisdiction doctrine." Plaintiff's argument is wrong for two fundamental reasons. First, the issue in *Marshall* was the extent of the probate exception to federal jurisdiction, and the *Marshall* Court expressly held that the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." 547 U.S. at 312. As a result, "*Marshall* has no application to mortgages or to quiet title actions outside of the probate context." *Baez v. Citifinancial Equity Services, Inc.*, 2013 WL 12387596 (M.D. Fla. Dec. 11, 2013). In fact, under *Marshall,* "a federal court is obliged to exercise its jurisdiction to consider matters that do not annul a will, invalidate the administration of an estate, or interfere with property in the custody of the probate court." *Kaplan v. Kaplan,* 524 Fed. Appx. 547, 548 (11th Cir. 2013). The case before this Court in no way relates to a probate matter or is even arguably within the probate exception to federal jurisdiction.

Second, even if the quoted language from *Marshall* limits jurisdiction outside of the probate area, it has no application here by its very terms. The *Marshall* opinion provides that "a second court will not assume in rem jurisdiction over the same res" when one court is exercising jurisdiction over the same res. 547 U.S. at 311. It does not apply to *in personam* claims. *Id.* Indeed, *Marshall* itself held that the tortious interference claim at issue in that case was an *in personam* claim and that this rule was inapplicable to *in personam* claims, reversing the conclusion of the court of appeals to the contrary. 547 U.S. at 312.

10

Here, all of Plaintiff' claims are *in personam,* seeking relief against a particular person, namely Sand Canyon.  Specifically, the claims for fraud, Georgia and federal RICO, theft, conversion, bad faith, trespass, and unjust enrichment all seek monetary relief against Sand Canyon. Moreover, Plaintiff' quia timet claim (Complaint, p. 20) is expressly labeled an equitable claim and is asserted under O.C.G.A. § 23-3-40, which by its terms defines an action "in equity."  Under Georgia law, "a court of equity acts in personam, not in rem." *Knott v. Evans*, 280 Ga. 515, 516 (2006) (quoting *Howard v. Warren*, 206 Ga. 838, 839 (1950)).  Plaintiff has not asserted an *in rem* quiet title action under the *in rem* statute, O.C.G.A. § 23-3-60 et. seq. *See Roper v. Bank of America*, 2012 WL 1134805 (N.D. Ga. Apr. 4, 2012) (discussing procedural prerequisites for quiet title action under O.C.G.A. § 23-3-60).

Moreover, the language relied on, if applicable at all, would bar a **second** suit where another court had already exercised jurisdiction over the res.  Even assuming *arguendo* that the superior court in this removed case was exercising jurisdiction over the property subject to the mortgage at issue, this case was the first case to be filed, more than six years before the NRZ case filed April 19, 2019.  There simply was no case exercising "exclusive jurisdiction" over the purported res "prior" to this one.

In short, the *Marshall* case and prior exclusive jurisdiction doctrine have no application to the *in personam* claims asserted here.  This Court has federal question and diversity jurisdiction over this case, and removal was proper.

> **3.**     **Plaintiff's "Local Action Doctrine" Argument Fails Because The Doctrine Is Not Jurisdictional, And Even If It Is, It Does Not Deprive This Court Of Jurisdiction Because The Property And This Court Are Located In The Same State.**

Plaintiff's final argument regarding subject matter jurisdiction is that the "local action doctrine" deprives this Court of jurisdiction because, Plaintiff says, "[t]his action involves

wrongful foreclosure and real property located within the exclusive jurisdiction of Muscogee County, Georgia and thus is a local action within the State of Georgia." (Doc 5, p. 3).  Plaintiff's argument, however, is nonsensical and devoid of merit.

Taken to its logical conclusion, Plaintiff's position would require that all actions involving real estate be brought in state courts. Countless cases implicitly reject this proposition. *See, e.g., Durfee v. Duke*, 375 U.S. 106 (1963) (involving a suit to quiet title to real property which was removed to federal district court based on diversity of citizenship); *United States v. Byrne*, 291 F.3d 1056, 1060-61 (9th Cir. 2002) (stating "[t]he federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries" and holding Arizona district court erred in finding it lacked jurisdiction over a dispute involving title to real estate located in Arizona); *Steed v. Everhome Mortg. Co.*, 2012 WL 2849482 (11th Cir. 2012) (suit challenging foreclosure of real property brought in federal district court); *Shockley v. EMC Mortg. Corp.*, 459 Fed. App'x 821, 822 (11th Cir. 2012) (granting plaintiff "leave to refile her [suit to enjoin foreclosure]–in federal or state court").

Indeed, federal district courts located in Georgia routinely exercise their original jurisdiction on cases involving title affecting land located in Georgia. *See, e.g., Hosseinzadeh v. Green Point Mortg. Funding, Inc.,* 577 F. App'x 925, 927 (11th Cir. 2014) (affirming district court's exercise of jurisdiction to hear Georgia quiet title action where diversity and amount in controversy requirements were met); *Pessini v. Nationstar Mortgage, LLC*, 2015 WL 12618786, *2 (N.D. Ga. Oct. 27, 2015) (motion to remand Georgia quiet title action denied because "the Complaint raises a federal question, and this case satisfies the requirements for diversity jurisdiction").

Second, the local action doctrine is a venue doctrine, which was repealed by the

Jurisdiction and Venue Clarification Act. *See Garrett Investments, LLC v. SE Property Holdings, LLC*, 2013 WL 1154316, *3-4 (S.D. Ala. March 19, 2013); *Fisher v. Virginia Elec. & Power Co.*, 243 F. Supp. 2d 538, 559 (E.D. Va. 2003) (finding the local action rule addresses proper venue in federal courts); 28 U.S.C. § 1391 (repealing the local action rule effective January 6, 2012).

In short, the local action doctrine required that "local" cases, i.e., case concerning real property, be brought in a court located in the same territory as the real estate. *See Livingston v. Jefferson*, 15 F. Cas. 660, No. 8,411 (C.C.D.Va. 1811).  The rule was widely criticized, with some courts declining to apply it even before its repeal. *See, e.g., Reasor-Hill Corp. v. Harrison*, 249 S.W.2d 994, 996 (Ark. 1952) ("[T]he [] rule has no basis in logic or equity and rests solely upon English cases that were decided before America was discovered and in circumstances that are not even comparable to those existing in our Union."); *Archibald v. Mississippi & T.R. Co.*, 6 So. 238, 239 (Miss. 1889) ("The common-law distinction between local and transitory actions does not exist here.").  As of January 6, 2012, Congress repealed the local action doctrine, and federal venue law now provides that, "the proper venue for a civil action shall be determined **without regard to** whether the action is local or transitory in nature." 28 U.S.C. § 1391(a)(2) (emphasis added).

Nevertheless, some courts and commentators view the local action doctrine as jurisdictional. Even if they are correct, the rule only concerns the authority of state or federal courts located in one state to decide an issue involving real property located in another state. *See Hayes v. Gulf Oil Corp.,* 821 F.2d 285, 287 (5th Cir. 1987) ("[**F]ederal and state** courts lack jurisdiction over the subject matter of claims to land located **outside the state** in which the court sits.") (emphasis added).  The rule does not, as Plaintiff suggests, create a question of state

13

versus federal jurisdiction. *See Greeley v. Lowe*, 155 U.S. 58, 69 (1894) ("[I]t has never been supposed that the federal courts did not have jurisdiction of local actions in which citizens of different districts were defendants...."); *Louisville & N.R. Co. v. W. Union Tel. Co.*, 234 U.S. 369, 380 (1914) ("[T]he elements of Federal jurisdiction being present, the litigation may, of course, be had in a Federal court.").

In the present case, the relevant property is located in Muscogee County, Georgia, which is within this Court's territorial district. *See* 28 U.S.C. § 90(b)(3).  Therefore, this Court is the proper federal venue to resolve this dispute even under the local action doctrine. *See Garrett Investments, LLC*, 2013 WL 1154316, *4.  In sum, this Court has subject matter jurisdiction over this case, and Plaintiff's arguments to the contrary fail on all points.

### B.      Sand Canyon's Removal Was Timely.

Sand Canyon removed this case within twelve days of the state court setting aside the default judgments due to lack of service and prior to Plaintiff serving Sand Canyon with the Summons and Complaint.  Indeed, Sand Canyon removed this case on May 13, 2019, but was not served until June 14, 2019, more than 30 days <u>after</u> this case was removed.  Per 28 U.S.C. § 1446(b)(1), Sand Canyon's removal was timely.

Plaintiff, however, disagrees and urges the Court to conclude that Sand Canyon's removal was untimely for two reasons.  First, Plaintiff argues that the removal is untimely because, on June 14, 2013, Plaintiff served the Summons and Complaint on the Georgia Secretary of State. (Doc 5, p. 3).  Second, Plaintiff argues that removal is untimely because it occurred more than one year "after entry of the State Court final judgment" in violation of 28 U.S.C. § 1446(c)(3)(B). (*Id.* at 4).  As demonstrated below, both arguments should be swiftly rejected.

14

1.      **The 30-Day Time Limit For Removal Began When Plaintiff Served Sand Canyon, Not <u>Six Years</u> Earlier When He Served The Secretary Of State.**

Plaintiff argues that Sand Canyon's removal is untimely because it did not remove the case within thirty days of when Plaintiff served process on the Georgia Secretary of State on June 14, 2013. (Doc 5, p. 3).  The Georgia statute governing service on withdrawn foreign corporations, upon which Plaintiff relies in his argument, is O.C.G.A. § 14-2-1520.  A plaintiff serving a withdrawn foreign corporation under § 14-2-1520 must meet two requirements: first, the plaintiff must serve process on the Georgia Secretary of State; and second, the plaintiff must mail a copy of the process to the defendant at the address provided on the certificate of withdrawal.  *Id*.  Plaintiff ignores this second requirement of mailing the process to the defendant and simply argues that "service of process upon the Georgia Secretary of State was service upon the Defendant in this action as a matter of Georgia law." (Doc 5, p. 3).

In its May 1, 2019 Order, the Superior Court of Muscogee County ruled that Plaintiff failed to serve Sand Canyon pursuant to O.C.G.A. § 14-2-1520 and ordered Plaintiff to serve Sand Canyon within thirty days. (Doc 1-7).  Plaintiff failed to serve Sand Canyon within the thirty-day period ordered by the Court but did finally serve Sand Canyon on June 14, 2019, (Doc 11; Doc 12), six years after Plaintiff served the Georgia Secretary of State.

Plaintiff's argument is fatally flawed because the 30-day time limit for removing a case began when Sand Canyon received service of process on June 14, 2019, not when Plaintiff served process on the Georgia Secretary of State on June 14, 2013.  Indeed, 28 U.S.C. § 1446(b) specifically requires a defendant to file a notice of removal "within 30 days after the **receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . ." *Id.* (emphasis supplied).

Furthermore, courts have consistently interpreted this language to mean that the time-limit for removal begins when the actual defendant, not a statutory agent, receives process. *See, e.g., Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1127 (9th Cir. 2019) ("[W]e join the Fourth Circuit in holding that receipt of an initial pleading by a statutorily designated agent does not begin the thirty-day removal clock under 28 U.S.C. § 1446(b)(1)."); *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("[W]e now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."); *Masters v. Nationwide Mut. Fire Ins. Co.*, 858 F. Supp. 1184, 1186 (M.D. Fla. 1994) ("[I]t seems illogical that delivery to an agent who derives his authority from a state statute is sufficient service when the same state statute provides the additional requirement that the summons and complaint be mailed by the agent to the person being served to start the time for pleading running."); *Durr Drug Co. v. Am. Sur. Co. of N. Y.*, 126 F. Supp. 815, 816–17 (M.D. Ala. 1954) ("If due process requires notice to the defendant before service of process is complete on an agent whose authority is derived from a state statute, then the 20-day period [now 30-day period] within which a petition for removal must be filed in this court does not begin to run until the due process requirement has been met, and that would be when the Alabama statute had been fully complied with by 'bringing notice home to the defendant.'").

Indeed, in *Barber v. Willis*, 246 F. Supp. 814 (N.D. Ga. 1965), this Court explained: "We believe that when the statute provides that the [30] days are to run from the receipt of a copy of the pleading by the defendant it means just that and we can see no reason for holding otherwise. **Receipt by the statutory agent is not receipt by the defendant by any stretch of the judicial imagination**." *Id.* at 815 (emphasis supplied).

16

Sand Canyon removed this case on May 13, 2019, twelve days after having the state court judgment set aside and more than 30 days prior to being first served with the Summons and Complaint in this case.  This removal is timely.

2. **The One-Year Limitation In 28 U.S.C. § 1446(c) Does Not Apply To This Case.**

Plaintiff's final argument is that Sand Canyon's removal is untimely because 28 U.S.C. § 1446(c)(3)(B) bars the removal because it was done outside of the one-year "equitable provision," and because Plaintiff's Complaint "properly disclosed the amount in controversy." (Doc 5, p. 4).  Plaintiff's reliance on § 1446(c)(3)(B) is misplaced because that section is not a limitation on the time to remove, but rather a statutory direction that the court **must** find bad faith if there has been a deliberate failure to disclose the amount in controversy to prevent removal.  Section 1446(c)(3)(B) simply provides no basis for barring removal on timeliness grounds.

But even if it were possible to construe Plaintiff's argument to rely on the one-year limitation on removal in diversity cases in § 1446(c)(1), the (c)(1) limitation is inapplicable here for three reasons.  First, by its express terms, § 1446(c)(1) applies only to cases removed "on the basis of jurisdiction conferred by section 1332," that is, diversity cases.  Here, Sand Canyon removed on the basis of federal question jurisdiction in addition to diversity.  Since there is an independent basis for jurisdiction under 28 U.S.C. § 1331, the one year limitation does not apply.

Second, Plaintiff ignores both the fact that this case was removable based on the initial pleading and the authority cited below which holds that the one-year limitation of § 1446(c)(1) applies only to cases that are **not** removable on the initial pleading. *Carter v, Frito-Lay*, 144 Fed. Appx. 815, 817-18 (11th Cir. 2005) (citing *Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002)). Specifically, § 1446(c)(1) provides that a "case may not be removed

17

under subsection (b)(3)" on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis supplied).

Section 1446(b)(3) provides: "Except as provided in [1446(c)], if the case stated by the initial pleading is **not** removable," the notice of removal must be filed within 30 days of the defendant's receipt of the amended pleading, motion, or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Courts, including the Eleventh Circuit, have read these provisions together and have concluded that the one-year limitation on diversity removal does not apply where the case was removable based on the initial pleading. *Carter*, 144 Fed. Appx. at 817-18; *Brown*, 284 F.3d at 873.

Here, Plaintiff's Complaint as initially filed was removable on the basis of federal question and diversity jurisdiction. Sand Canyon removed the case on both grounds prior to being served per 28 U.S.C. § 1446(b)(1). (Doc 1, Notice of Removal ¶ 13) ("This case is being removed prior to service of process and within 30 days of the entry of the State Court's Order setting aside the default judgments and reinstating the case. Accordingly, this Notice of Removal is timely as required by 28 U.S.C. § 1446**(b)(1)**.") (emphasis supplied). The one-year limitation of § 1446(c)(1) simply has no application here.

Finally, even if the one-year limitation did apply, Plaintiff should be estopped from relying on the provisions for the fundamental reason that Plaintiff has acted in bad faith in failing to serve Sand Canyon with the Summons and Complaint, failing to alert the Court of the lack of service, willfully pursuing an egregious default judgment, and failing to serve Sand Canyon with notice of trial, all the while knowing the correct address for Sand Canyon and that service was

never accomplished.  Many district courts have estopped plaintiffs from raising that limitation period where the plaintiff has engaged in bad-faith manipulation of the state court's jurisdiction. *See Thompson v. Belk, Inc.*, 2013 WL 5786587, at *2-3 (N.D. Ga. Oct. 28, 2013) (collecting cases where district courts estopped plaintiffs from raising one-year limitation based on equitable considerations); *Heller v. Am. States Ins. Co.*, 2016 WL 11070891, at *6, (C.D. Cal. Mar. 25, 2016) (denying remand where plaintiff's lack of due diligence in pursuing service of process or discovery regarding defendant's location indicated strategic gamesmanship to prevent timely removal).

Plaintiff's bad faith is underscored by the fact that one of Plaintiff's counsel here and his firm engaged in similar behavior in *Ware v. Fleetboston Financial Corp.,* 180 Fed. Appx 59, 62 (11th Cir. 2006), relying on O.C.G.A. §§ 14-2-1520(c) and 14-2-1510(b) to manufacture a significant default against a corporation whose registration to do business in Georgia was withdrawn. Under these facts, the bad faith exception to the one-year limitation is satisfied and bars remand on that basis.  Accordingly, because this Court has federal question jurisdiction, because this case was removable based on the initial pleading, and because Plaintiff acted in bad faith in failing to serve Sand Canyon for more than six years after filing this lawsuit, Plaintiff's argument that the one-year limitation of § 1446(c)(1) applies to defeat removal is plainly wrong.

## CONCLUSION

For all the reasons stated herein and in Sand Canyon's Notice of Removal, Plaintiff's Motion to Remand should be denied.

**WEINBERG WHEELER**
**HUDGINS GUNN & DIAL**

*/s/ Gary J. Toman*
Gary J. Toman
Georgia Bar No. 714651

*Attorney for Sand Canyon Corporation f/k/a*
*Option One Mortgage Corporation*

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Phone: 404-832-9592
Fax: 404-875-9433
GToman@wwhgd.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by electronic mail and by depositing a copy of same in the United States Mail with adequate postage affixed thereon to the following:

Frederick S. Jones, Esq.
Johnson, Jones, Watkins & Cooper, LLC
218 Flat Shoals Church Road
Stockbridge, GA 30281
black_dragon_talon@yahoo.com

Respectfully submitted this 2nd day of July, 2019.

*/s/ Gary J. Toman*
Gary J. Toman