IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PEDRO J. BURGOS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION |
| | § | FILE NUMBER: 4:19-CV-00076-CDL |
| OPTION ONE MORTGAGE CORP. n/k/a SAND CANYON CORP. | § § | AMENDED MOTION TO REMAND CASE |
| | § | |
| Defendant. | § | |

## AMENDED MOTION TO REMAND THIS CASE BACK TO THE SUPERIOR COURT ACCORDING TO YOUNGER ABSTINTION DOCTRINE

**COMES NOW, PEDRO J. BURGOS,** the Plaintiff and amends his motion to remand and hereby move this Court to remand this case back to the Superior Court of Muscogee County pursuant to **28 U.S.C. § 1447(c)** because removal is barred by _Younger_'s abstention doctrine as a matter of law as shown to wit:

### I. REMOVAL IS BARRED UNDER _YOUNGER_ DOCTRINE

1. The _Younger_ abstention doctrine precludes Federal Courts from interfering with pending State judicial proceedings absent extraordinary circumstances. _Younger_ v. _Harris_, 401 U.S. 37, 41 (1971).  See, _NRZ REO X, LLC_ v. _7440 McKee Road et al_, Civil Action No. SU-19-CV-1033 (2019).

2. Although _Younger_ involved a State criminal action, the Supreme Court has since clarified that the _"policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."_ See, _Middlesex Cty. Ethics Comm._ v. _Garden State Bar Ass'n_, 457 U.S. 423, 432 (1982).

## II. DISCUSSION

1. The removal of this action was improper under the *Younger*'s doctrine because it interferes with the ongoing State Court proceedings.  See, <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019).

2. Therefore, the removal of this case has the effect of enjoining the State Court proceedings in this respect.  *"Under <u>Younger</u> v. <u>Harris</u> and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances."*  See, <u>Old Republic Union Ins. Co.</u> v. <u>Tillis Trucking Co</u>., 124 F.3d 1258, 1261 (11th Cir. 1997).

3. The questions for *Younger*'s test are threefold: (1) do the Superior Court's proceedings constitute an ongoing State judicial proceeding; (2) do the proceedings implicate important State interests; and (3) is there an adequate opportunity in the State proceedings to raise constitutional challenges or claims.

4. The answer to these questions is, yes.  First, there is an ongoing quiet title proceeding that is pending in the Superior Court of Muscogee County involving the same claims and issues that Defendant now removes to this Court.  See, <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019).

5. Secondly, the land dispute implicate an important State interest with respect to jurisdiction over title to land dispute according to the Georgia Constitution and Georgia law.  See, **Georgia Constitution, Article VI § IV ¶ I** which reads: *"The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution.  They shall have exclusive jurisdiction over*

*trials…. in cases respecting title to land."* Moreover, Georgia law provides that in cases respecting title to land under **O.C.G.A. § 44-2-60** states: *"For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered as prescribed by this article, the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon."* Therefore, because Georgia law must control with respect to this quiet title action, Plaintiff also maintain that this Court lack subject-matter jurisdiction pursuant to Georgia laws and that Georgia law governed according to the Federal Rule of Decision Act. See, **28 U.S.C. § 1652**.

6. The Defendant has not sought intervene in the State Court action as and could assert its' underlying claims. The Defendant has also conceded that there is an ongoing State Court proceeding, which satisfy the first factor in <u>Middlesex Cty. Ethics Comm.</u> v. <u>Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982). Moreover, since quiet title cases do implicate important State's interest, Yourger would clearly apply with respect to this case as a matter of Federal law.

7. Finally, Defendant presents no argument that the State proceeding does not provide an adequate opportunity to raise his constitutional challenges. See, <u>Middlesex</u>, 457 U.S. at 432, 102 S. Ct. at 2521. Thus, this District Court would not abuse its discretion by remanding this case by to the Superior Court of Muscogee County due to the ongoing State Court proceeding filed April 17th, 2019 in <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019) based on <u>Younger</u> grounds. The Court must remand this case also under <u>Younger</u>.

### III. ARGUMENT AND CITATION OF AUTHORITY

1. The Plaintiff argue that Federal Courts are Courts of limited jurisdiction. See, <u>Kokkonen</u> v. <u>Guardian Life Ins. Co. of Am</u>., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); <u>Burns</u> v. <u>Windsor Insurance Co</u>., 31 F.3d 1092, 1095 (1994); <u>Wymbs</u> v. <u>Republican State Executive Committee</u>, 719 F.2d 1072, 1076 (11th Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984).

2. As such, Federal Courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. See <u>Kokkonen</u>, 511 U.S. at 377, 114 S.Ct. 1673.

3. The Plaintiff maintain his grounds for remand as stated in his original motion for remand filed with this Court.  See, **ECF Docket # 5**.  However, the Plaintiff hereby amends that motion to includes the Younger doctrine as an additional ground for remand under **28 U.C.S. § 1447(c)**.  With this said, Plaintiff argues that the Court lacks jurisdiction to hear this case, due to ongoing case pending in the Superior Court of Muscogee County in <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019) according to the Supreme Court's holding in <u>Marshall</u> v. <u>Marshall</u>, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).  Moreover, the Court should abstain from exercising jurisdiction due to said ongoing State Court proceeding in <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019).

4. In determining whether <u>Younger</u> abstention applies, the Court must answer three questions: "first, do [the proceedings] constitute an ongoing state

judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." Id. (alteration in original) (quoting <u>Middlesex Cty. Ethics Comm</u>., 457 U.S. at 432, 102 S. Ct. at 2521). If the subject matter of the action involves "[p]roceedings necessary for the vindication of important state policies or for the functioning of the state judicial system," it is an important state interest. See, Id. (quoting <u>Middlesex Cty. Ethics Comm</u>., 457 U.S. at 432, 102 S. Ct. at 2521).

5. The Plaintiff argues that as to the second question, the Supreme Court has noted that: *"[f]amily relations are a traditional area of state concern."* See, <u>Moore</u> v. <u>Sims</u>, 442 U.S. 415, 435, 99 S. Ct. 2371, 2383 (1979).

6. The Plaintiff states thirdly, the Eleventh Circuit has said that: *"[a] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."* See, 31 Foster Children, 329 F.3d at 1279 (quoting <u>Pennzoil Co. v. Texaco, Inc</u>., 481 U.S. 1, 15, 107 S. Ct. 1519, 1528 (1987)). Here, if the state proceedings are ongoing, they would satisfy all three questions and removal of this case to this Court was improper as a matter of law.

7. Finally, the Supreme Court has recognized exceptional circumstances in which Younger abstention might be inappropriate: where the irreparable injury is *"great and immediate,"* where the state law in question is *"flagrantly and patently violative of express constitutional prohibitions,"* or where the plaintiff demonstrates bad faith, harassment, or other *"unusual circumstances"* justifying equitable relief. See, <u>Mitchum</u> v. <u>Foster</u>, 407 U.S. 225, 230, 92 S. Ct. 2151, 2156 (1972).

## IV. CONCLUSION

1. The Court clearly lacks subject-matter jurisdiction over this case which prevent any litigation in this Court of matters.  If it appears at any time that a District Court lacks subject matter jurisdiction over a case removed, the District Court must remand the case as required by Federal law.  See, **28 U.S.C. § 1447(c)**; See also <u>White</u> v. <u>Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  Once again, Defendant's counsels, have filed yet another frivolous removal of this case. Plaintiff has incurred time, litigation expenses and cost.  Therefore, based upon the forgoing facts of this case, it should be clear to this Court, that Defendant's counsel removed this case in bad faith and it must be deemed frivolous with respect to Defendant's notice.

2. At the very least, this Court must abstain from exercising jurisdiction over this case according the Supreme Court under <u>Younger</u> v. <u>Harris</u>, 401 U.S. 37, 41 (1971).  See, <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019).   Moreover, because this Court lacks jurisdiction over the improperly removed case, this Court has no jurisdiction to hear this case under <u>Marshall</u> v. <u>Marshall</u>, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

3. A parallel case for quiet title is now pending in the Superior Court.  See, <u>NRZ REO X, LLC</u> v. <u>7440 McKee Road et al</u>, Civil Action No. SU-19-CV-1033 (2019).  Therefore, the removal is improper, and this Court lacks jurisdiction under <u>Marshell</u>, supra.   The Plaintiff and his counsel will move this Court for **Rule 11** sanctions and for any cost under **28 U.S.C. § 1447(d)** in a separate motion.

**WHEREFORE,** the Plaintiff move this Court to remand this case back to the Superior Court of Muscogee County pursuant to **28 U.S.C. § 1447(c)** due to *Younger* v. *Harris*, 401 U.S. 37, 41 (1971); this Court's lack of subject-matter jurisdiction under *Marshall* v. *Marshall*, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006) and the fact the removal untimely as a matter of Federal law.

Respectfully submitted this __16TH__ , day of July 2019.

_____
Frederick S. Jones, Esq.
Georgia Bar No. 113066
Attorney for the Plaintiff

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
***c/o Frederick S. Jones, Esq.***
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**

## CERTIFICATE OF SERVICE

**COMES NOW, FREDERICK S. JONES,** Attorney for Plaintiff in the above-styled civil action and certify that I have served the Defendant with a copy of Plaintiff's AMENDED MOTION TO REMAND filed in support by EFC E-Served and or by U.S. First Class Mail addressed as follows:

> Mr. Gary J. Toman, Esq.
> Weinberg Wheeler Hudgins Gunn & Dial
> 3344 Peachtree Road, N.E.
> Suite 2400
> Atlanta, GA 30326

Respectfully submitted this ___16th___ , day of July 2019.

_____
Frederick S. Jones, Esq.
Georgia Bar No. 143066
Attorney for the Plaintiff

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**