IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PEDRO J. BURGOS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NUMBER: <u>4:19-CV-00076-CDL</u> |
| OPTION ONE MORTGAGE CORP. | § | |
| n/k/a SAND CANYON CORP. | § | |
| | § | |
| Defendant. | § | |

## <u>MOTION TO SET ASIDE VOID ORDER</u>

**COMES NOW, PEDRO J. BURGOS,** the Plaintiff and hereby move this Court to set aside and vacate the void order entered on May 2nd, 2019 by the Superior Court of Muscogee County due to lack of subject-matter jurisdiction pursuant to **Fed.R.Civ.P. 60(b)(4)** and **O.C.G.A. § 9-12-16** as incorporated through **Federal Rules of Decision Act** under **28 U.S.C. § 1652** as shown to wit:

### I. GROUNDS FOR GRANTING PLAINTIFF'S MOTION

1. The Superior Court of Muscogee County lacked subject-matter jurisdiction to entered the order on May 2nd, 2019, due to Plaintiff's pending appeal in this case, and therefore a supersedeas was in place at the time of the May 1st, 2019 hearing.

2. According to Georgia law, *"O.C.G.A. § 5-6-46 provides that a notice of appeal serves as a supersedeas in civil cases upon payment of all costs in the trial court by the appellant. Because of the effect of the supersedeas the trial court loses all jurisdiction as to matters contained within the appeal."* See, <u>Cohran v. Carlin</u>, 249 Ga. 510 (291 S.E.2d 538) (1982).  See, **Pl's Attachments 1 & 2**.

3. The record is clear; the Superior Court was deprived to subject-matter jurisdiction.  See, <u>Upton</u> v. <u>Jones</u>, 280 Ga. 895, 897, 635 SE2d 112 (2006) (*"not even that option is available since the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect"*).

4. Therefore, the Superior Court no longer had subject-matter jurisdiction over this case according to Georgia law, and the May 1st, 2019 hearing was coram non judice.  See also <u>Aetna Cas. &c. Co.</u> v. <u>Bullington</u>, 227 Ga. 485 (1) (181 S.E.2d 495) (1947) *("The filing of a notice of appeal serves to supersede a judgment and while on appeal, the trial court is without authority to modify such judgment")*.  See, **Pl's Attachments 1 & 2**.

5. The trial Court also lacked subject-matter jurisdiction according to Georgia law; to modify, amend; set aside, vacate or review the Judge, William C. Rumer's final order entered on August 7th, 2013 and the final judgment entered on October 10th, 2014, after the terms of court.  The Superior Court of Muscogee County did not have authority to review Judge Rumer's final judgments according to the Georgia Supreme Court holdings in <u>Long</u> v. <u>Long</u>, 247 Ga. 624, 625, 278 S.E.2d 370 (1981) and <u>Mandt</u> v. <u>Lovell</u>, 293 Ga. 807, 810-811, 750 S.E.2d 134 (2013).  At the May 1st, 2019's hearing, Judge Bobby Peters had concerns whether he could review Judge Rumer's Final Orders and granted a Certificate of Immediate Review.  See, Superior Court's Transcript of the May 1st, 2019 Hearing.  Before, Judge Peters could issue such certificate, the Defendant's counsels removed this case, in an effort the bypass questions of Georgia law.  Because, Judge Rumer found that Plaintiff properly served the Defendant in this case, Judge Peters lacked subject-matter jurisdiction.

## II. CONCLUSION

1. The Plaintiff conclude that the Superior Court of Muscogee County clearly lacked subject-matter jurisdiction while Plaintiff appeal is pending before the Georgia Court of Appeal.  That Court also lacked jurisdiction after the term of Court to hear Defendant's collateral attack upon the Superior Court's final determination of personal jurisdiction stated in the Superior Court's Final Order entered on August 7th, 2013.  See according to the Georgia Supreme Court holdings in <u>Long</u> v. <u>Long</u>, 247 Ga. 624, 625, 278 S.E.2d 370 (1981); <u>Mandt</u> v. <u>Lovell</u>, 293 Ga. 807, 810-811, 750 S.E.2d 134 (2013).  See, **Pl's Attachments 1 & 2**.  Moreover, Plaintiff also move this Court to set aside the Superior Court's order entered on May 2nd, 2019, because the Defendant's Motion to Set Aside in the State Court was both untimely and barred by the (3) year statute of limitation pursuant to **O.C.G.A. § 9-11-60(f)**.

2. The Court clearly lacks subject-matter jurisdiction over this case which prevent any litigation in this Court of matters.  If it appears at any time that a District Court lacks subject matter jurisdiction over a case removed, the District Court must remand the case as required by Federal law.  See, **28 U.S.C. § 1447(c)**; See also <u>White</u> v. <u>Lee</u>, 227 F.3d 1214, 1242 (9th Cir. 2000).  Once again, Defendant's counsels, have filed yet another frivolous removal of this case. Plaintiff has incurred time, litigation expenses and cost.  Therefore, based upon the forgoing facts of this case, it should be clear to this Court, that Defendant's counsel removed this case in bad faith and it must be deemed frivolous with respect to Defendant's notice.

3. At the very least, this Court must abstain from exercising jurisdiction over this case according the Supreme Court under *Younger v. Harris*, 401 U.S. 37, 41 (1971).  See, *NRZ REO X, LLC v. 7440 McKee Road et al*, Civil Action No. SU-19-CV-1033 (2019).  Moreover, because this Court lacks jurisdiction over the improperly removed case, this Court has no jurisdiction to hear this case under *Marshall v. Marshall*, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).

4. A parallel case for quiet title is now pending in the Superior Court.  See, *NRZ REO X, LLC v. 7440 McKee Road et al*, Civil Action No. SU-19-CV-1033 (2019).  Therefore, the removal is improper, and this Court lacks jurisdiction under *Marshell*, supra.  The Plaintiff and his counsel will move this Court for **Rule 11** sanctions and for any cost under **28 U.S.C. § 1447(d)** in a separate motion.

**WHEREFORE,** the Plaintiff hereby move this Court to Court to set aside and vacate the void order entered on May 2nd, 2019 by the Superior Court of Muscogee County due to lack of subject-matter jurisdiction because of Plaintiff's pending appeal and said order is void pursuant to **Fed.R.Civ.P. 60(b)(4)** and **O.C.G.A. § 9-12-16** as incorporated through **28 U.S.C. § 1652**.

**Respectfully submitted this   17TH   , day of July 2019.**

_____
Frederick S. Jones, Esq.
Georgia Bar No. 113066
Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

**COMES NOW, FREDERICK S. JONES,** Attorney for Plaintiff in the above-styled civil action and certify that I have served the Defendant's counsel with a copy of Plaintiff's MOTION TO SET ASIDE VOID ORDER filed in support by EFC E-Served and or by U.S. First Class Mail addressed as follows:

>Mr. Gary J. Toman, Esq.
>Weinberg Wheeler Hudgins Gunn & Dial
>3344 Peachtree Road, N.E.
>Suite 2400
>Atlanta, Georgia 30326

Respectfully submitted this ___17th___, day of July 2019.

_____
Frederick S. Jones, Esq.
Georgia Bar No. 143066
Attorney for the Plaintiff

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**