GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
10/10/2018 4:03 PM
SHASTA GLOVER, CLERK

# IN THE SUPERIOR COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **PEDRO J. BURGOS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| **v.** | § | **FILE NUMBER: <u>SU13CV1077</u>** |
| | § | |
| **OPTION ONE MORTGAGE CORP.** | § | |
| **n/k/a SAND CANYON CORP.** | § | **DIRECT APPEAL** |
| | § | |
| **Defendant.** | § | |

---

## <u>NOTICE OF APPEAL</u>

**COMES NOW, PEDRO J. BURGOS,** the Appellant and hereby file his Notice of Appeal pursuant **O.C.G.A. § 5-6-34(a)** by timely appealing to the Georgia Court of Appeals from the final order entered by this Court on **October 3$^{RD,}$ 2018** and including the any other orders entered in this case.  See **Exhibit "A"** attached hereto.

Therefore, the Clerk of this Court shall omit nothing in the record pertaining to the Appellant's appeal.  Furthermore, the Plaintiff as the Appellant stated herein, aver that there is no transcript of evidence of the proceedings that is to be filed for the inclusion of the record on the Appellant's appeal.

You are hereby required to prepare and transmit the entire record in Appellant's appeal in the matter to the Georgia Court of Appeals within (20) days from the date of filing this Notice of Appeal.  See, **O.C.G.A. § 5-6-43(a)**.

A copy of said final order entered on October 3rd, 2018 by the Superior Court of Muscogee County is hereby attached hereto and marked as **Exhibits "A"**.

**Attachment "1"**

## I. JURISDICTION OVER THIS APPEAL

The Appellant's Notice of Appeal is timely filed within (30) days after entry of the final order on October 3rd, 2018, (**Exhibit "A"**) pursuant to **O.C.G.A. § 5-6-34(a)** according to the collateral order doctrine as adopted by both the Georgia Supreme Court and the Georgia Court of Appeals with respect to direct appeals.  See, _Parker v. Kennon_, 235 Ga. App. 272, 509, S.E.2d 152 (1998) (_holding that the Collateral Order Doctrine applies_); _Patterson v. State_, 248 Ga. 875 (287 S.E.2d 7) (1982) (_Georgia Supreme Court adopting the collateral order doctrine in Cohen v. Beneficial Industrial Loan Corp_., 337 U. S. 541 (69 SC 1221, 93 LE 1528) (1949)).

The Appellant directly appeals to the Georgia Court of Appeals concerning the final order entered on October 3th, 2018 because the trial Court improperly set a hearing on a non-party's motion to intervene in this case and thus collateral order doctrine apply.  See, _Parker v. Kennon_, 235 Ga. App. 272, 509, S.E.2d 152 (1998) (_holding that the Collateral Order Doctrine applies_); _Patterson v. State_, 248 Ga. 875 (287 S.E.2d 7) (1982) (_Georgia Supreme Court adopting the collateral order doctrine)._

The Appellant aver that the collateral order doctrine applies in this appeal because the order compline of: (1) completely and conclusively resolve the issue being appealed (i.e., whether the trial Court has jurisdiction to enter the order complain of); (2) concern the issue intervention that is substantially separate from the basic issue presented in Plaintiff's claim; and (3) will result in the loss of an important right.  See, _Scroggins v. Edmondson_, 250 Ga. 430, 431(1)(c), 297 S.E.2d 469 (1982); _Dept. of Transp. v. Hardaway Co_., 216 Ga. App. 262(1), 454 S.E.2d 167 (1995).

Finally, Appellant is entitled to a direct appeal because the trial Court lacked subject-matter jurisdiction to enter the October 3rd, 2018 final order, setting a hearing on a non-party's motion to intervene in this action.  The Appellant collaterally attack this order pursuant to **O.C.G.A. § 9-12-16** as being null and void due to lack of subject-matter jurisdiction.  Therefore, the Court of Appeals has jurisdiction to hear this direct appeal because the final order by the trial Court is void as a matter of law. See, <u>*Darden v. Ravan*</u>, 232 Ga. 756, 758(1), 208 S.E.2d 846 (1974) *("It is well settled that when a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed").*

## II. PRAYER FOR RELIEF

**WHEREFORE,** the Appellant herein pray and demand that Clerk of this Court transmit the full record of this case to the Georgia Court of Appeals and that Court reverse the trial Court with respect to the final order entered on October 3rd, 2018 as relief to the Appellant in this civil action as a matter of law.

**Respectfully submitted this ___10th___, day of October 2018.**

**Frederick S. Jones, Esq.**
**Georgia Bar No. 143066**
**Attorney for the Plaintiff**

**JOHNSON, JONES, WATKINS & COOPER, LLC.**
**c/o Frederick S. Jones, Esq.**
**35 Griffin Street**
**McDonough, Georgia 30253**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**

## CERTIFICATE OF SERVICE

**COMES NOW, FREDERICK S. JONES** Attorney for Plaintiff in the above-styled civil action and certify that I have served the Defendant with a copy of Plaintiff's NOTICE OF APPEAL without prejudice by U.S. First Class Mail with proper postage addressed as follows:

> Mr. Dale M. Sugimoto, President & CEO
> Option One Mortgage Corporation
> 2 Martin Luther King Jr., Drive
> Suite 315
> Atlanta, Georgia 30334

**Respectfully submitted this   10th   , day of October 2018.**

**Frederick S. Jones, Esq.**
**Georgia Bar No. 143066**
**Attorney for the Plaintiff**

**JOHNSON, JONES, WATKINS & COOPER, LLC.**
**c/o Frederick S. Jones, Esq.**
**119 Griffin Street**
**McDonough, Georgia 30253**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**

**IN THE SUPERIOR COURT OF MUSCOGEE COUNTY** FILED IN OFFICE
**STATE OF GEORGIA**

2018 OCT -3 PM 1:21

SHASTA GLOVER
MUSCOGEE COUNTY
SUPERIOR COURT

PEDRO BURGOS          :
    Plaintiff,       :

                :

v.               :

          :    **CASE NO. SU-13-CV-1077**

OPTION ONE MORTGAGE CORP.,  :
    Defendant.      :

## ORDER AND NOTICE OF HEARING

IT IS HEREBY ORDERED that a hearing in the above-styled matter has been scheduled for October 24, 2018 at 2:00 pm. The subjects of the hearing shall be the Motion To Intervene As A Party Defendant filed by non-party Wells Fargo Bank, N.A., the Plaintiff's attempted voluntary dismissal, and any other matters presently relevant to this case.

SO ORDERED this _3_ day of October, 2018

_____
JUDGE WILLIAM C. RUMER
SUPERIOR COURT OF
MUSCOGEE COUNTY, GEORGIA

Exhibit "A"

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for all involved parties with a copy of this

order by depositing it in the United States Mail in a properly addressed envelope with adequate postage

thereon.

This _3rd_ day of October, 2018.

_Alexander Engler_

Alexander Engler
Law Clerk, Superior Court
100 E. Tenth Street
Columbus, GA 31901
706-225-4192
Engler.Alexander@columbusga.org

Frederick S. Jones, Esq.
Johnson, Jones, Watkins & Cooper, LLC
119 Griffin Street
McDonough, GA 30253
*Attorneys for Plaintiff*

Sand Canyon Corporation f/k/a Option One Mortgage
% CT Corporation Systems
7595 Irvine Center Drive, Suite 100
Irvine, CA 92618

Howell Hall
Shapiro, Pendergast & Hasty
211 Perimeter Center Parkway
Suite 300
Atlanta, Georgia 30346

McLain & Merritt, PC
3445 Peachtree Road NE,
Suite 500
Atlanta, Georgia 30326