## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **PEDRO J. BURGOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | **FILE NUMBER: <u>4:19-CV-00076-CDL</u>** |
| **OPTION ONE MORTGAGE CORP.** | § | |
| **n/k/a SAND CANYON CORP.** | § | |
| | § | **DECLARATIONS FILED IN SUPPORT** |
| **Defendant.** | § | |

## <u>AMENDED MOTION TO SET ASIDE VOID ORDER</u>

**COMES NOW, PEDRO J. BURGOS,** the Plaintiff and hereby move this Court to set aside and vacate the void order entered on May 2nd, 2019 by the Superior Court of Muscogee County due to lack of subject-matter jurisdiction pursuant to **Fed.R.Civ.P. 60(b)(4)** and **O.C.G.A. § 9-12-16** as incorporated through **Federal Rules of Decision Act** under **28 U.S.C. § 1652** as shown to wit:

### I. AMENDED GROUND FOR GRANTING PLAINTIFF'S MOTION

1. The Superior Court of Muscogee County lacked subject-matter jurisdiction to entered the order on May 2nd, 2019, due to Plaintiff's pending appeal as supersedeas and due to the Clerk's lack of Notice of the May 1st, 2019 hearing.

2. In addition to Plaintiff's pending motion to set aside, neither undersigned Counsel, Mr. Frederick S. Jones, nor the Plaintiff received actual notice of hearing by the Clerk of the Superior Court of Muscogee County as required by the Final Order of the Court entered on August 7th, 2013, for the May 1st, 2019 hearing on Defendant's Motion to Set Aside.  See, Declarations filed in support of this motion.

## II. SUPERIOR COURT MAY 1ST, 2019's HEARING WAS VOID

1. The May 1st, 2019 hearing in the Superior Court was void, because the Plaintiff and his counsel was as required to receive notice of a hearing by the Clerk of Superior, prior to the Court vacating the Final Order of the Court entered on August 7th, 2013.  See, Declarations and **Exhibit 1** attached thereto.

2. Defendant's counsel, Mr. Patrick Moore improperly communicated with Judge Bobby Petters' office by ex parte, either directly and or indirectly, in order to secure a hearing on his client's motion to set aside, without counsel knowledge or consent.  Mr. Moore was not the Clerk of Superior Court nor was he authorized by law to give Plaintiff's Notice of Hearing, because it was the duty of the Clerk of Superior Court of Muscogee County to give such legal notice of the hearing as required by Order of the Superior Court.  See, August 7th, 2013 Final Order.

3. The August 7th, 2013's Final Order clearly required that, unless notice of a hearing is given to the Plaintiff by the Clerk of Court, the final order ***"shall not be vacated by this Court."***   See, Burgos' Decl.'s **Exhibit "1"** attached thereto.

4. The notice of hearing was not given by the Clerk of the Superior Court as required, but by Defendant's counsel, Mr. Patrick Moore.  Plaintiff cannot waive notice, when the Clerk of Superior Court is required by Order to give such notice.

5. Mr. Moore had no authority to preform the duty of the Clerk of Superior Court, because he is neither an elected nor appointed officials of the Superior Court.

6. This Court must conclude, as a matter of law, that the Notice of Hearing given by Mr. Patrick Moore setting the hearing on May 1st, 2019 is null and void.

7. Thus, the hearing that was based upon a void notice and not given by the Clerk of Superior Court of Muscogee County, is also void and renders the May 1st, 2019's proceedings coram non judice. Therefore, the order entered by Judge Bubby Petters that proports to set aside Judge, William C. Rumer's Final Order, is also null and void in clear violation of the Superior Court's August 7th, 2013's final order.

8. Finally, Plaintiff aver that he believes that as a direct result of Defendant counsels' actions, they have clearly violated the Rules of Professional Conduct of the State Bar of Georgia. See, State Bar Rules 3.3(a)(1)(3)(4) & (d).[1] Moreover, Plaintiff give notice that my civil rights has been violated by the Defendant and its' counsels pursuant to **42 U.S.C. § 1981** and **42 U.S.C. § 1985**.

9. The Defendant's counsels has used the removal statute to improperly remove this case to this Court, in an effort to circumvent the Georgia Appellate Court's jurisdiction by filing a motion to set aside Judge Rumer's final order and judgment as a de facto appeal, barred by the _Rooker-Feldman_ doctrine and bypassing the United States Supreme Court's jurisdiction under **28 U.S.C. § 1257(a)**. Even if this Court do not sanction Defendant's counsels, Plaintiff and his counsels are not without remedies by appeals to the Eleventh Circuit; the United States Supreme Court; mandamus and redress before the State Bar of Georgia.

---

[1] Ga. State Bar Comment: Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

### III. CONCLUSION

1. The Plaintiff conclude that the Superior Court of Muscogee County clearly lacked subject-matter jurisdiction while Plaintiff appeal is pending before the Georgia Court of Appeal.  That Court also lacked jurisdiction after the term of Court to hear Defendant's collateral attack upon the Superior Court's final determination of personal jurisdiction stated in the Superior Court's Final Order entered on August 7th, 2013.  See according to the Georgia Supreme Court holdings in *Long* v. *Long*, 247 Ga. 624, 625, 278 S.E.2d 370 (1981); *Mandt* v. *Lovell*, 293 Ga. 807, 810-811, 750 S.E.2d 134 (2013).  Moreover, Plaintiff also move this Court to set aside the Superior Court's order entered on May 2nd, 2019, because the Defendant's Motion to Set Aside in the State Court was both untimely and barred by the (3) year statute of limitation pursuant to **O.C.G.A. § 9-11-60(f)**. See, Burgos' Decl.'s **Exhibit "1"**.

2. The Plaintiff maintains that the Court, clearly lacks subject-matter jurisdiction over this case which prevent any litigation in this Court of matters.  If it appears at any time that a District Court lacks subject matter jurisdiction over a case removed, the District Court must remand the case as required by Federal law. See, **28 U.S.C. § 1447(c)**; See also *White* v. *Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

3. Once again, Defendant's counsels, have filed yet another frivolous removal of this case. Plaintiff has incurred time, litigation expenses and cost.  Therefore, based upon the forgoing facts of this case, it should be clear to this Court, that Defendant's counsel removed this case in bad faith and it must be deemed frivolous with respect to Defendant's notice.   See also Declarations filed in support.

4. At the very least, this Court must abstain from exercising jurisdiction over this case according the Supreme Court under _Younger_ v. _Harris_, 401 U.S. 37, 41 (1971).  See, _NRZ REO X, LLC_ v. _7440 McKee Road et al_, Civil Action No. SU-19-CV-1033 (2019).   Moreover, because this Court lacks jurisdiction over the improperly removed case, this Court has no jurisdiction to hear this case under _Marshall_ v. _Marshall_, 547 U.S. 293, 308, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).   A parallel case for quiet title is now pending in the Superior Court.  See, _NRZ REO X, LLC_ v. _7440 McKee Road et al_, Civil Action No. SU-19-CV-1033 (2019).  Therefore, the removal is improper, and this Court lacks jurisdiction under _Marshell_.   The Plaintiff will later move for any **Rule 11** sanctions and for any litigation cost.

**WHEREFORE,** the Plaintiff move this Court to vacate the void order entered on May 2nd, 2019 by the Superior Court of Muscogee County due to lack of jurisdiction pursuant to **Fed.R.Civ.P. 60(b)(4)** and **O.C.G.A. § 9-12-16.**

**Respectfully submitted this __6TH,__ day of September 2019.**

_____

**Frederick S. Jones, Esq.**
**Georgia Bar No. 143066**
**Attorney for the Plaintiff**

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**

Page 5 of 6

## CERTIFICATE OF SERVICE

**COMES NOW, FREDERICK S. JONES,** Attorney for Plaintiff in the above-styled civil action and certify that I have served the Defendant's counsel with a copy of Plaintiff's AMENDED MOTION TO SET ASIDE VOID ORDER filed in support by EFC E-Served and or by U.S. First Class Mail addressed as follows:

> Mr. Gary J. Toman, Esq.
> Weinberg Wheeler Hudgins Gunn & Dial
> 3344 Peachtree Road, N.E.
> Suite 2400
> Atlanta, Georgia 30326

**Respectfully submitted this __6TH__ , day of September 2019.**

_____
**Frederick S. Jones, Esq.**
**Georgia Bar No. 103066**
**Attorney for the Plaintiff**

**JOHNSON, JONES, WATKINS & COOPER, P.A.**
**c/o Frederick S. Jones, Esq.**
**218 Flat Shoals Church Road**
**Stockbridge, Georgia 30281**
**(678) 583-8551 (Office)**
**Email: black_dragon_talon@yahoo.com**