**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **PEDRO BURGOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | |
| | ) | **4:19-CV-76-CDL** |
| **OPTION ONE MORTGAGE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SAND CANYON CORPORATION'S**
**RESPONSE TO PLAINTIFF'S AMENDED MOTION TO SET ASIDE**

Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") submits this Response to Plaintiff's "Amended Motion to Set Aside Void Order" (Doc. 33) ("Amended Motion") and his supporting Memorandum of Law (Doc. 33-1) ("Plaintiff's Memorandum").

**INTRODUCTION**

Plaintiff's Amended Motion and supporting Memorandum repeat the same arguments Plaintiff has made repeatedly in his numerous filings with this Court. The only new argument Plaintiff makes is his contention that the Superior Court's May 1, 2019 Order—which vacated the prior default judgments due to lack of service on Sand Canyon—should be set aside for lack of subject matter jurisdiction because the hearing notice was issued by defense counsel rather than the Superior Court clerk. To be clear, Plaintiff does <u>not</u> allege that he did not receive the hearing notice or that the notice period was too short or that the hearing was held on a day when he or his attorney was unable to attend. Rather, his argument is about the *issuer* of the hearing notice, not its timing or contents. Plaintiff's argument, however, is frivolous, and his Amended Motion to Set Aside is due to be denied for the reasons set forth herein, as well as the reasons set

1

forth in Sand Canyon's Response to Plaintiff's initial "Motion to Set Aside Void Order" and related filings in this case.[1]

## ARGUMENT

### I.  The Hearing Was Scheduled On May 1, 2019 At Plaintiff's Request And Without Objection.

Plaintiff completely omits from his brief several key facts regarding the scheduling of the May 1, 2019 hearing.  First, the hearing was not just on Sand Canyon's Motion to Set Aside Default Judgments, but it was also on Sand Canyon's Emergency Motion to Stay Execution and on <u>Plaintiff's</u> competing Motion for Permanent Injunction and Bill of Peace, which he filed March 14, 2019. (Doc. 1-5, p. 49).  Second, Plaintiff omits from his brief the fact that the hearing had previously been scheduled for April 16, 2019 and was moved to May 1, 2019 <u>at Plaintiff's counsel's request to accommodate his schedule</u>.  Third, Plaintiff fails to inform the Court that despite receiving the hearing notice on April 11, 2019, twenty (20) days in advance of the hearing, and attending the hearing on May 1, 2019, Plaintiff never objected to the hearing notice until he filed the pending motion, which was filed more than four (4) months *after* the subject hearing.

Indeed, the initial Notice of Hearing was filed and served by defense counsel on Monday, April 8, 2019. (Doc. 1-5, pp. 45-48).  Two days later, on April 10, 2019, Plaintiff's counsel's assistant, Shirley Brooks-Wilson, sent the following email to Judge Peters and counsel:

> **Good Morning You're [sic] Honor:  Our office received this Notice of Hearing on Monday for a hearing schedule [sic] for 04/16/19.  Mr. Jones is on Notice of Leave of Absence on the 16th day of April, 2019.  Attached is Notice of Leave.  Mr. Jones would like to request a reset of this hearing.**

---

[1] For response to these repeated arguments, Sand Canyon refers the Court to Sand Canyon's Response and Sur-Reply in opposition to Plaintiff's initial "Motion to Set Aside Void Order" (Docs. 25 and 34); Sand Canyon's Response to Plaintiff's Counter Motion to Strike (Doc. 32); Sand Canyon's Response to Plaintiff's Motion for Declaratory Judgment (Doc. 28); Sand Canyon's Response to Plaintiff's Amended Motion to Remand (Doc. 24); and Sand Canyon's Response to Plaintiff's Motion to Remand (Doc. 13).

(Exhibit 1 hereto) (emphasis supplied).  Ms. Brooks-Wilson attached to her email a document dated March 4, 2019, which was entitled, "Amended Notice of Leave of Absence for 2019." (*Id.*) The Amended Notice of Leave of Absence listed extensive conflicts for Plaintiff's counsel but indicated that Plaintiff's counsel was available on May 1, 2019.[2] (*Id.*).  In order to accommodate Plaintiff's counsel's request, the hearing was rescheduled for May 1. (Exhibit 2 hereto, Aff. of Neal Callahan ¶ 9).[3]

On April 11, 2019, defense counsel e-filed and served on Plaintiff's counsel the Amended Notice of Hearing which confirmed that Sand Canyon's Emergency Motion to Stay Execution of Judgments and Motion to Set Aside Default Judgments, along with Plaintiff's Motion for Permanent Injunction and Bill of Peace, would be heard on May 1, 2019, at 12:00 p.m. (Doc. 1-5, pp. 49-52).  Plaintiff made no objection to the new hearing date, the hearing notice, or the fact that the hearing notice was provided by defense counsel rather than the Superior Court clerk.

On May 1, 2019, Plaintiff and his attorney attended the hearing in person and argued extensively against Sand Canyon's motions and in favor of Plaintiff's competing motion.[4]  At no point during the hearing did Plaintiff's counsel raise any objection to the date or time of the hearing or to the fact that the notice of the hearing was provided by defense counsel rather than the Superior Court clerk.  Furthermore, on May 1, 2019, prior to the hearing, Plaintiff filed

---

[2] In spite of the wording of Plaintiff's Amended Notice of Leave of Absence, Plaintiff had not previously filed or served this "Amended Notice" or any initial "Notice of Leave of Absence" in this case.

[3] Plaintiff argues that it was improper for defense counsel to contact the Judge's chambers to obtain a hearing date; however, as set forth in Mr. Callahan's affidavit, this is standard practice in Muscogee County for obtaining a hearing date and there was nothing improper about the communication. (Ex. 2, Callahan Aff. ¶¶ 6-12).

[4] The transcript for the May 1, 2019 hearing before Judge Peters is included in the record at Doc. 15-1.

3

"Plaintiff's Counsel's Written Arguments," wherein he set forth his supplemental written arguments in favor of his motion and against Sand Canyon's motions and also indicated that he was providing the Court with a proposed Order. (Doc. 1-5, pp. 111-16).  Nowhere in his Written Arguments does Plaintiff object to the hearing date, time, or notice, or to the fact that notice was provided by defense counsel rather than the clerk.

In sum, the subject hearing was set on May 1, 2019, at the request of Plaintiff's counsel to accommodate his schedule.  He received notice of the hearing twenty (20) days prior to the hearing, made an additional filing prior to the hearing, and attended the hearing with his client without objection.  Now, more than four (4) months after the hearing, having lost the motions, Plaintiff claims for the first time that the notice was improper and, as a result, he says the May 1 hearing and Order are invalid.  Plaintiff has failed to cite any legal authority which supports his view of the law.  His argument is meritless and should be rejected by this Court.

II.   **Plaintiff's Contention That The Superior Court Clerk Was Required To Issue The Hearing Notice Rather Than Defense Counsel Is Frivolous.**

Plaintiff's argument that the Superior Court's May 1 Order is due to be set aside because the hearing notice was provided by defense counsel, rather than the Superior Court clerk, is frivolous and fails as a matter of law.  First, there is no requirement that a notice for a hearing on the subject motions be served by the Superior Court clerk as opposed to an attorney for one of the parties in the case.  Second, Plaintiff and his attorney attended the hearing without objection and were not prejudiced in any way by the notice.  Plaintiff's belated attempt to undermine the hearing results based on the hearing notice must be denied.

A.   **The Hearing Notice Was Properly And Timely Served.**

Notice of a hearing is governed by O.C.G.A. § 9-11-5 and § 9-11-6. *See MJL Properties, LLC v. Cmty. & S. Bank*, 768 S.E.2d 111, 113 (Ga. App. 2015).  O.C.G.A. § 9-11-5(a) states in

pertinent part that "every written motion … and every written notice … shall be served upon each of the parties." O.C.G.A. § 9-11-5(a).  And O.C.G.A. § 9-11-5(b) provides:

> (b) *Same—How made*.  <u>Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney</u> unless service upon the party is ordered by the court.  <u>Service upon the attorney</u> or upon a party <u>shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address</u> or, if no address is known, by leaving it with the clerk of the court…."Delivery of a copy" also means <u>transmitting a copy via e-mail</u> in portable document format (PDF) to the person to be served using all e-mail addresses provided pursuant to subsection (f) of this Code section and showing in the subject line of the e-mail message the words "STATUTORY ELECTRONIC SERVICE" in capital letters.  <u>Service by mail is complete upon mailing.</u>  Proof of service may be made by certificate of an attorney or of his or her employee, by written admission, by affidavit, or by other proof satisfactory to the court.  Failure to make proof of service shall not affect the validity of service.

O.C.G.A. § 9-11-5(b) (emphasis supplied).  O.C.G.A. § 9-11-5(f)(1) provides that a person may consent to being served with pleadings electronically; and, O.C.G.A. § 9-11-5(f)(4) provides that when "an attorney files a pleading in a case via an electronic filing service provider, such attorney shall be deemed to have consented to be served electronically with future pleadings for such case…." O.C.G.A. § 9-11-5(f)(4).

The implications of the foregoing statute are clear—if a party is represented by counsel, service shall be made upon counsel. *Id.*  Further, service can be accomplished via mail, e-mail, or by personal delivery, or by e-filing with the Court. *Id.*  Here, Sand Canyon served the Amended Notice of Hearing upon Plaintiff's counsel on April 11, 2019, and did so by e-filing the Amended Notice with the Court and also by sending the notice to Plaintiff's counsel via e-mail, U.S. Mail, <u>and</u> FedEx next-day delivery. (Doc. 1-5, pp. 49-52).  In short, Sand Canyon fully complied with O.C.G.A. § 9-11-5 in its service of the Amended Notice of Hearing on the Plaintiff.

There is also a timing mechanism for a notice of hearing that is governed by O.C.G.A. §

9-11-6(d).  That section provides:

> (d) *For motions; for affidavits.* <u>A written motion</u>, other than one which may be
> heard ex parte, <u>and notice of the hearing thereof shall be served not later than five
> days before the time specified for the hearing</u>, unless a different period is fixed by
> this chapter or by order of the court.  Such an order may for cause shown be made
> on ex parte application.  When a motion is supported by affidavit, the affidavit
> shall be served with the motion.  Opposing affidavits may be served not later than
> one day before the hearing, unless the court permits them to be served at some
> other time.

O.C.G.A. § 9-11-6(d) (emphasis supplied).  Undisputedly, Sand Canyon filed and served the

Amended Notice of Hearing on April 11, 2019, twenty (20) days *prior* to the May 1 hearing.

(Doc. 1-5, pp. 49-52).  Therefore, Sand Canyon complied with O.C.G.A. § 9-11-6(d) in the

timing of its service of the Amended Notice of Hearing on the Plaintiff.

### B.      There Is No Requirement That The Superior Court Clerk Issue The Hearing Notice, Rather Than Defense Counsel.

In spite of Plaintiff's contention to the contrary, there is no requirement under the

Georgia Civil Practice Act or any other controlling legal authority that the Superior Court clerk,

rather than defense counsel, issue the notice of hearing for the subject motions in order for the

notice to be valid, and Plaintiff has failed to cite any authority which actually supports his

position.  Plaintiff argues first that O.C.G.A. § 15-6-61(a)(2)–(3) requires the Superior Court

clerk to issue hearing notices as part of its duties in attending to the needs of the Court, but this

statute does not say that hearing notices may *only* be issued by the Superior Court clerk or that in

order to be valid, notices of hearings must be issued by the clerk.

Similarly, Plaintiff next argues that Uniform Superior Court Rule 2.4 "only allows the

Judges' Calendar Clerk to set a hearing under the authority and supervision of the assigned Judge

of the case." (Doc. 33-1, p. 7).  Indeed, Rule 2.4 provides that the calendar clerk "is charged with

the responsibility of setting and scheduling all hearings and trials in actions assigned to a particular judge." Ga. Unif. Sup. Ct. R. 2.4.  But like O.C.G.A. § 15-6-61(a)(2)–(3), Rule 2.4 does not say that notices of hearings may *only* be issued by the Calendar Clerk, nor does it prohibit the Calendar Clerk from instructing counsel for a party to provide notice of a hearing to the other parties in the case. *See* Ex. 2, Callahan Aff. ¶¶ 5, 7.

Indeed, in *Randall v. Randall*, 549 S.E.2d 384 (Ga. 2001), a case in which the court held that proper notice of trial had not been provided, the court explained that while notice of trial is mandatory, the "**requisite notification need not take the form of receipt of a copy of trial calendar.**" *Id.* at 386 (emphasis supplied).  Moreover, the court explained that the "**trial court could have directed that [plaintiff's counsel] inform [defense counsel] that, as requested, the court would conduct the hearing on the date sought.**" *Id.* at 386 (emphasis supplied); *see Redding v. Raines*, 239 S.E.2d 32, 33 (Ga. 1977) (holding that opposing counsel's letter was sufficient notice of trial); *see also Eckles v. Atlanta Tech. Group, Inc.*, 485 S.E.2d 22, 26 (Ga. 1997) ("**An attorney is an officer of the court** and, as such, has responsibility to the courts and to the public which is no less significant than the obligation he owes to his clients.") (emphasis supplied); *Cuthbert Ice Co. v. York Mfg. Co.*, 93 S.E. 279, 280 (Ga. App. 1917) ("An attorney in a case is not only the champion of his client, but is also an officer of the court.").  In other words, notice of a hearing can be provided by counsel as was done here.

Plaintiff's final argument is that the Amended Notice of Hearing was invalid because the initial default order entered by the Superior Court on April 7, 2013 indicated that it was a final order and could not be vacated by the Superior Court "unless notice of a hearing is given to the Plaintiff by the Clerk of Court or unless it is reversed, modified or set aside by any of the Appellate Courts of this State or by the United States Supreme Court." (Doc. 1-3, p. 113)

7

(emphasis supplied).  Plaintiff  urges this Court to conclude that the wording of the April 7 Order requires that the hearing notice be issued by the Superior Court clerk in order for the notice to be valid.  However, Plaintiff's reliance on the April 7, 2013 Order for authority is wholly misplaced because the Order is void due to the lack of service of the Summons and Complaint on Sand Canyon.  Indeed, in the Superior Court's May 1, 2019 Order, the court specifically found that "due to the insufficient service of process, the Judgments are void as a matter of law because the court lacked personal jurisdiction and had no power to render a judgment." (Doc. 1-7, p. 3).

In *Mitsubishi Motors Credit of America, Inc. v. Sheridan*, 650 S.E.2d 357 (Ga. App. 2007), the court explained:

> **A void judgment is in reality no judgment at all.  It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one.  It can neither affect, impair, nor create rights.  As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him.  As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril**. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims.  **It is not necessary to take any steps to have it reversed, vacated, or set aside**.... The fact that an execution was issued on a void judgment and levied does not give vitality to the judgment.

*Id.* at 359 (quoting *Jowers & Son v. Kirkpatrick Hardware Co.*, 94 S.E. 1044 (Ga. App. 1918)) (emphasis supplied); *see also* O.C.G.A. § 9-12-16 ("The judgment of a court having no jurisdiction of the person or subject matter or which is void for any other cause is a **mere nullity** and may be so held in any court when it becomes material to the interest of the parties to consider it.") (emphasis supplied).  In other words, Plaintiff cannot properly rely on the April 7, 2013 Order as the basis for his argument because that Order is void.  It has been vacated by the Superior Court for lack of service of process on Sand Canyon and, as the *Mitsubishi Motors* court explained, it is a nullity and in reality no judgment at all.

**C.      Plaintiff Waived Any Objection He Had To The Hearing Notice And Was Not Prejudiced Or Harmed In Any Way By The *Alleged* Defect.**

Finally, even if this Court *assumes* for the sake of argument that the hearing notice should have been issued by the Superior Court clerk rather than defense counsel, Plaintiff's argument still fails because he had actual notice of the hearing, attended the hearing without objection, and was not prejudiced or harmed in any way by the fact that the hearing notice came from defense counsel rather than the Superior Court clerk. *See Hammonds v. Sherman*, 627 S.E.2d 110, 111 (Ga. App. 2006) ("And **where a party has actual notice of a court date, any defect in the notice given by the court is harmless**.") (emphasis supplied); *Potter v. Wal Computers, Inc.*, 469 S.E.2d 691, 694 (Ga. App. 1996) ("[N]ew trial is not warranted by the failure to receive a calendar when parties have **actual notice** of an upcoming trial and are prejudiced only by their own lack of due diligence.") (emphasis supplied).  Indeed, prior to filing his Amended Motion to Set Aside on September 6, 2019, Plaintiff's counsel had made no objection to the hearing notice he received from defense counsel, which results in waiver. *See In the Interest of S. J. M.*, 484 S.E.2d 764, 765 (Ga. App. 1997) ("Furthermore, by failing to raise the issue at the termination hearing, the mother waived the issue of insufficiency of process or service of process.  Her attorney appeared at the hearing on her behalf, but at no time did he raise this issue.").

Moreover, in *MJL Properties*, supra, the court affirmed summary judgment for the defendant where plaintiff was not served with proper notice of the summary judgment hearing but nevertheless learned of the hearing five (5) days prior to the hearing date, made additional filings prior to the hearing, attended the hearing and presented argument. *See MJL Properties, LLC*, 768 S.E.2d at 113–14.  In ruling for the defendant, the court explained that the improper notice "did not prevent Appellants' counsel from preparing for or appearing at the … hearing,

nor is there any evidence that Appellants were deprived of their right under OCGA § 9–11–6(d) to serve affidavits opposing [defendant's] motion as late as one day prior to the hearing . . . . Under these facts, we cannot conclude that reversible error resulted from Appellants' insufficient notice of the … hearing." *Id.*

In this case, Plaintiff was properly served with notice of the May 1 hearing twenty (20) days in advance of the hearing.  But even if the Court *assumes* that notice should have been provided by the Superior Court clerk, rather than defense counsel, Plaintiff's Amended Motion still fails because the facts are undisputed that Plaintiff's counsel received twenty days' advance notice of the hearing, made additional filings before the hearing, and attended the hearing in person, along with his client, **without objection**.  In other words, even assuming notice was not issued by the proper person, Plaintiff's argument fails because the alleged defect did not prevent him from preparing for or appearing at the hearing, nor did it keep him from making additional filings prior to the hearing.  In sum, although Plaintiff now complains about the hearing notice coming from defense counsel, he cannot show that this *alleged* defect harmed or prejudiced him in any way.  Moreover, Plaintiff waived the *alleged* defect by appearing at the hearing and then waiting so long to object.  His belated attempt to undermine the hearing results is indeed frivolous and due to be rejected by this Court.

## CONCLUSION

For all the reasons stated herein, Sand Canyon respectfully requests that this Court deny Plaintiff's Amended Motion to Set Aside.

/s/ Gary J. Toman
Gary J. Toman
Georgia Bar No. 714651
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Phone: 404-832-9592
Fax: 404-875-9433
GToman@wwhgd.com

/s/ Stephen A. Walsh
Stephen A. Walsh (Admitted *pro hac vice*)
100 Corporate Parkway, One Lake Level
Birmingham, AL 35242
Phone: 205-572-4107
Fax: 205-572-4199
SWalsh@wwhgd.com

*Attorneys for Sand Canyon Corporation*
*f/k/a Option One Mortgage Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel of record for Plaintiff by filing the foregoing on the Court's ECF system, which will email notice to counsel:

Frederick S. Jones
Johnson, Jones, Watkins & Cooper, LLC
218 Flat Shoals Church Road
Stockbridge, GA 30281
black_dragon _talon@yahoo.com

Respectfully submitted this 27th day of September, 2019.

/s/ Gary J. Toman
Gary J. Toman