IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

PEDRO J. BURGOS,                         *

    Plaintiff,                       *

vs.                                      *
                                              CASE NO. 4:19-CV-76 (CDL)
SAND CANYON CORP., f/k/a OPTION *
ONE MORTGAGE COMPANY,
                                         *
    Defendant.                       
_____     *

O R D E R

Plaintiff alleges that Defendant, his loan originator, fraudulently assigned his security deed to Wells Fargo Bank and that Wells Fargo later wrongfully foreclosed on his home. Plaintiff sued Defendant in the Superior Court of Muscogee County. Plaintiff did not properly serve the Defendant, and he did not name Wells Fargo as a defendant. Plaintiff nonetheless obtained a default judgment against Defendant that set aside the original security deed, the assignment to Wells Fargo, and the deed under power. Years later, Defendant learned of the action and filed a motion to set aside the default judgment due to lack of personal jurisdiction. The Superior Court granted the motion, then Defendant removed the action to this Court and filed a motion to dismiss Plaintiff's complaint.

Plaintiff, who is represented by counsel, has flooded the Court with a series of motions and briefs, but the resolution of

them requires the Court to answer three simple questions: (1) was this action properly removed to this Court such that this Court has subject matter jurisdiction? (2) was the default judgment previously entered in the state court properly set aside? and (3) does Plaintiff's complaint state a claim upon which relief may be granted?  The answer to the first two questions is yes, and the answer to the third is no. Accordingly, this action is dismissed.

## I.   Was Removal Proper and Does the Court Have Jurisdiction?

It is undisputed that complete diversity of citizenship exists and that the amount in controversy requirement is met. Plaintiff is a Georgia citizen.  Compl. at 2 ¶ 1, ECF No. 1-1. Defendant is a citizen of California.  Compl. Ex. A, Certificate of Withdrawal, ECF No. 1-1 at 31 (stating that defendant is a California corporation).   The amount in controversy exceeds $75,000.00.   *See, e.g.,* Compl. at 23 ¶ 1 (seeking more than $5 million in compensatory damages).   Accordingly, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1).

Plaintiff's arguments that this run-of-the-mill wrongful foreclosure/fraud/RICO action asserting *in personam* tort claims is somehow subject to the exclusive *in rem* jurisdiction of the Georgia state courts are so unpersuasive that the Court's disposition of them requires no further elaboration.  Plaintiff also misunderstands *Younger* abstention.  It has no application

2

here.  *See generally Younger v. Harris*, 401 U.S. 37 (1971) (in exceptional circumstances, federal courts should abstain from adjudicating actions being litigated in state courts).  It is clear that Plaintiff's quiet title action in state court is not an exceptional circumstance warranting abstention.  The general rule is that pendency of a parallel state court action "is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  No legitimate basis exists for abstention under the circumstances presented in this action.

Finally, Defendant's removal was timely.  A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  The present record supports the finding that Defendant was not properly served with Plaintiff's complaint until June 14, 2019, *after* Defendant removed the action to this Court.  Plaintiff previously attempted to serve the Georgia Secretary of State with the state court action pursuant to Georgia law.  But because Defendant obtained a certificate of withdrawal of its authority to transact business in Georgia in 2008, before this

action was filed, service of process on the Georgia Secretary of State is proper *if* a copy of the process *is also mailed* to an officer of the withdrawn corporation at the mailing address provided by the company in its application for withdrawal. O.C.G.A. § 14-2-1520(c). Merely serving a secretary of state, without more, violates due process. *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006) (per curiam) (citing *Wuchter v. Pizzutti*, 276 U.S. 13, 21 (1928)). Therefore, in the context of serving a foreign corporation, "the failure to comply strictly with the statutory requirements for service on such corporation renders the attempted service defective." *Id.* (citing *Howard v. Technosystems Consol. Corp.*, 536 S.E.2d 753, 756 (Ga. Ct. App. 2000)).

Plaintiff did not point to any evidence that process was delivered to Defendant in 2013. The correct address for service of process was 6531 Irvine Center Drive, Irvine CA 92618. Burgos Aff. (Mar. 12, 2019) Ex. A, Letter from D. Sugimoto to Sec'y of State (Sept. 15, 2008), ECF No. 1-5 at 34. When Plaintiff originally filed his affidavit of service in state court in 2013, he presented evidence that he mailed the letter to Defendant at 6351 Irvine Center Drive, Irvine CA 92618. Burgos Aff. (Apr. 5, 2013) Ex. A, Certified Mail Receipts, ECF No. 1-3 at 92. Thus, he mailed the process and complaint to the wrong address. When Defendant moved to set aside the default

4

judgment in state court, Plaintiff submitted another affidavit, admitting that he made an error when he handwrote the address but asserting that he typed the address correctly in a separate area of the envelope. Burgos Aff. ¶ 6 (Mar. 12, 2019), ECF No. 1-5 at 30. In support of this assertion, Plaintiff points to what he says is a copy of the envelope that contained the process and complaint mailed to Defendant, which he avers he obtained from the post office.[1] *Id.* Ex. B, Envelope, ECF No. 1-5 at 37. But that envelope is clearly marked "Returned to Sender, Not Deliverable as Addressed, Unable to Forward." *Id.* Plaintiff pointed to no evidence that the envelope containing the process and complaint were *delivered* to Defendant, and his own evidence suggests that it was *not* delivered and that it was returned to him.

Based on the present record, the Court finds that Defendant was not properly served with the complaint in this action before the action was removed. And the removal clock cannot begin before service of official process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove . . . [is not triggered] by mere receipt of the complaint unattended by any formal service."). Defendant nevertheless removed the action within

---

[1] Defendant presented evidence that Plaintiff could not have obtained the 2013 envelope from the post office in 2019. *See generally* Walsh Aff., ECF No. 1-5 at 81-82. The Court does not base its ruling on this evidence but provides it for context.

thirty days of the state court's order setting aside the default judgments and reopening the action. A defendant may elect to remove before service of process because "nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam). Removal was timely under 28 U.S.C. § 1446(b).

The Court rejects Plaintiff's argument that even if removal was timely under 28 U.S.C. § 1446(b), it was untimely under 28 U.S.C. § 1446(c). If a case is removed pursuant to § 1446(b)(3) because it was not removable by the initial pleading but later became removable, then it must be removed within one year after commencement of the action unless the court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(c)(1). Here, the action was removable based on the initial pleading, so removal was not pursuant to § 1446(b)(3); thus § 1446(c)(1)'s one-year limitation does not apply.

Having timely removed this action which the Court has subject matter jurisdiction over based upon diversity of citizenship, Defendant is entitled to have this action adjudicated in this Court. Plaintiff's motion to remand and jurisdiction-related motions are denied.

## II. Should this Court Disturb the State Court's Setting Aside of Plaintiff's Default Judgment?

After receiving briefs from the parties and holding a hearing where Plaintiff was represented by counsel, the state court determined that Plaintiff had not properly served the Defendant in the state court action in which Plaintiff had previously obtained default judgments.  Therefore, the state court set aside the default judgments for lack of personal jurisdiction.  Plaintiff claims that the state court had no authority to set aside the judgment and that this Court should not accept the default judgment as having been set aside.

"As a general rule, when a case is removed to federal district court under original jurisdiction the federal court treats everything done in the state court as if it had in fact been done in the federal court."  *Salery v. United States*, 373 F. App'x 29, 30 n.1 (11th Cir. 2010) (citing *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937)).  "Therefore, assuming an error occurred in the state court, a federal district court 'may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal.'"  *Id.* (quoting *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988)).  The Court finds no error in the state court's decision to set aside the default judgment.  As discussed previously, the record supported the finding that Defendant had not been properly served with the complaint, and

thus the state court did not have personal jurisdiction over the Defendant at the time the default judgment was entered. Accordingly, setting that judgment aside was required. The Court finds Plaintiff's other arguments in favor of setting the judgment aside unpersuasive, and quite frankly, not worthy of additional discussion.[2]

## III. Does Plaintiff's Complaint State a Claim?

Having concluded that removal was proper and that the default judgment was correctly set aside, the Court turns to Defendant's motion to dismiss. In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff alleges the following in his complaint in support of his claims in this action.

---

[2] The Court recognizes that Plaintiff argues that the state court order setting aside the default judgments was void because Plaintiff filed a notice of appeal regarding a post-judgment order that merely set a hearing on a post-judgment motion. Plaintiff pointed to no authority that a Georgia state court's order setting aside a default judgment is void for lack of jurisdiction under the unique circumstances presented here, where the clearly frivolous "appeal" did not seek review of the default judgment and the action was never even transmitted to the appellate court.

Plaintiff admits that he signed a security deed in favor of Defendant. Compl. 3 ¶ 1. He claims that there was no witness to the deed at the time of closing. *Id.* at 3 ¶ 2. Plaintiff further alleges that Defendant made a "fraudulent and forged assignment" of the security deed to Wells Fargo Bank. *Id.* at 3 ¶¶ 3-4. He also contends that Defendant committed fraud on him by making false representations to him "by virtue of the deed and assignment filed with the Superior Court." Compl. 4 ¶ 6, 5 ¶ 17. And, Plaintiff asserts that Wells Fargo "wrongfully foreclosed" on the property that was secured by the deed. *Id.* at 3 ¶ 3; *accord id.* at 4 ¶¶ 7-9 (alleging that Defendant breached the terms of the security deed by failing to give proper notice of default). The question for the Court is whether Plaintiff asserts any valid claim for relief based on these allegations.

A. <u>Plaintiff Does Not Allege Facts to Suggest that the Security Deed Was Void Due to Forgery</u>

Plaintiff's first contention is that the deed was "forged" and thus void.[3] It is true that a forged deed can pass no title. *Vatacs Grp., Inc. v. U.S. Bank, N.A.*, 738 S.E.2d 83, 85 (Ga. 2013) (finding that evidence supported the special master's

---

[3] Most of Plaintiff's claims appear to be based on the foreclosure by Wells Fargo who is not a party to this action, although Plaintiff also seems to allege in his fraud, racketeering, and unjust enrichment claims that Defendant collected money from him that he did not owe. Plaintiff did not allege any specific facts to support such a claim, and the Court assumes that these claims are based on Plaintiff's assertion that the security deed was void due to forgery.

conclusion that a deed was forged and thus that the grantee of the forged deed had no interest in the property). Plaintiff's own allegations contradict his assertion that the deed itself was forged. Plaintiff also alleges no facts to suggest that his signature on the security deed was obtained by trickery or fraud. In fact, he admits that he granted a security deed to Defendant, that he maintained his property as collateral for the loan, and that he made payments on the loan.

Plaintiff contends, though, that *the witness's* signature on the security deed was forged because no witness signed the deed at the time of closing. Taking this allegation as true, it simply means that the deed was not properly recordable under Georgia law. *See Hooten v. Goldome Credit Corp.*, 481 S.E.2d 550, 551 (Ga. Ct. App. 1997) ("Despite a statutory requirement that the signature of the maker of a deed must be attested by two witnesses, the requirement relates only to the record ability of the instrument, and a deed may be valid between the parties without attestation." (quoting *Bramblett v. Bramblett*, 310 S.E.2d 897, 898 (Ga. 1984)). Plaintiff did not point to any authority that a deed which is nonrecordable for lack of a proper witness is invalid and void, perhaps because Georgia law is clear that an allegation that a deed was improperly witnessed "is insufficient to void the deed to secure debt, since a deed without attestation conveys the title as against the grantor and

10

his heirs." *Budget Charge Accounts, Inc. v. Peters*, 96 S.E.2d 887, 889 (Ga. 1957); *accord Allgood v. Allgood*, 196 S.E.2d 888, 889 (Ga. 1973) ("Attestation of a deed only affects its recordability."). Because Plaintiff's Complaint contains no factual allegations to suggest that his signature on the deed was forged, he has no claim based on his unfounded assertion that the security deed was void due to forgery.

B. Plaintiff Asserts No Valid Claims Based on the Assignment from Defendant to Wells Fargo

Plaintiff next claims that Defendant made a fraudulent and forged assignment of the security deed to Wells Fargo, and he seeks relief against Defendant on this ground. Plaintiff alleges that Defendant sold "servicing and property rights" to his security deed to American Home Mortgage Servicing, Inc. in 2008. Compl. 3 ¶ 4. Then, in 2011, Defendant assigned the security deed to Wells Fargo. *Id.* at 3 ¶ 3. Plaintiff asserts that the assignment to Wells Fargo was invalid because Defendant had previously sold its "property rights" to American Home Mortgage Servicing, Inc. and thus "had no legal rights to make any assignments." *Id.* at 3 ¶ 4.

To the extent that Plaintiff is attempting to challenge Defendant's assignment of the security deed to Wells Fargo, he does not have standing to do so. The assignment was a contract between Defendant and Wells Fargo. If the assignment was flawed, the proper party to bring a claim against Defendant

"would be the other party to the assignment," Wells Fargo. *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 437–38 (Ga. Ct. App. 2013); *accord Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 619-21 (Ga. 2016) (finding that debtors lacked standing to challenge the assignment of a security deed and thus could not pursue wrongful foreclosure proceedings based on an allegedly flawed assignment); *see also Edward v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013) (per curiam) (finding that the district court properly dismissed claims based on the transfer of a security deed because the plaintiffs did not have standing to contest the validity of the transfer). Plaintiff has thus failed to state a claim against Defendant based on the assignment.

C.    Plaintiff Does Not State Any Claim Against Defendant Based on Wells Fargo's Alleged Wrongful Foreclosure

Most of Plaintiff's claims are based on the alleged wrongful foreclosure by Wells Fargo, who is the assignee of the security deed and not a party to this action.  The security deed provides that if Plaintiff defaults on the security deed, then the lender (or its successors and assigns) may invoke the power of sale.   Plaintiff alleges that Wells Fargo initiated foreclosure proceedings even though it held no interest in the security deed because Defendant had no interest in the security deed when it made the assignment to Wells Fargo.

12

To the extent that Plaintiff is attempting to assert a wrongful foreclosure claim against Defendant based on its own conduct, he did not allege any facts to suggest that Defendant was involved in the foreclosure proceedings. Rather, he specifically alleges that Defendant had no interest in the security deed at the time of the foreclosure and that Wells Fargo, not Defendant, initiated and conducted the foreclosure proceedings.

To the extent that Plaintiff is attempting to assert a claim against Defendant based on Wells Fargo's foreclosure proceedings, that claim also fails. "A plaintiff asserting a claim of wrongful foreclosure must establish (1) a legal duty owed to it *by the foreclosing party*, (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained, and (4) damages." *Dixon v. Branch Banking & Tr. Co.*, 824 S.E.2d 760, 764 (Ga. Ct. App. 2019) (emphasis added) (quoting *Canton Plaza v. Regions Bank*, 732 S.E.2d 449, 454 (Ga. Ct. App. 2012)). "A claim for wrongful exercise of a power of sale . . . can arise when the creditor has no legal right to foreclose." *Id.* at 764-65 (quoting *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008)). Thus, Plaintiff may have a claim against Wells Fargo if his allegations are true. But he has not made sufficient factual

allegations to impute Wells Fargo's alleged wrongful conduct to
Defendant.

Instead, Plaintiff summarily alleges, without any
supporting facts, that Wells Fargo acted as Defendant's agent
when it received the assignment of the security deed and when it
conducted foreclosure proceedings. In the complaint, Plaintiff
refers to Wells Fargo as Defendant's "agent," *e.g.,* Compl. 3
¶ 3, but he does not make any factual allegations to support a
plausible inference that Wells Fargo was Defendant's agent. As
the Court previously explained, a complaint must contain
"*sufficient factual matter*, accepted as true, to 'state a claim
to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at
678 (emphasis added) (quoting *Twombly*, 550 U.S. at 570).

Simply calling someone an agent does not make it so. A
"bare assertion of the existence of an agency relationship, when
made by an outsider to the alleged relationship, is not a
statement of fact, but merely an unsupported conclusion of law."
*Thornton v. Carpenter*, 476 S.E.2d 92, 94 (Ga. Ct. App. 1996)
(quoting *Young v. John Deere Co.*, 471 S.E.2d 19, 21 (Ga. Ct.
App. 1996)) (finding that the trial court did not err in
concluding that no genuine fact dispute existed as to an agency
relationship where the plaintiff presented no evidence of such a
relationship). In *S.B. v. Tenet Healthcare Corp.*, for example,
the plaintiff alleged that the defendant hospital, through an

14

agent clinic, made misrepresentations to her. 732 F. App'x 721, 724 (11th Cir. 2018) (per curiam). A panel of the Eleventh Circuit concluded that the district court did not err in dismissing the plaintiff's fraud and misrepresentation claims based on those representations because the plaintiff "alleged no facts to support a plausible inference" of an agency relationship and "provided only conclusory allegations" that the clinic acted as the hospital's agent. *Id.* The plaintiff also "failed to allege facts to support a plausible inference that" the hospital made any statements or engaged in any conduct that reasonably caused the plaintiff to believe that the hospital consented to have the clinic act on its behalf. *Id.* Similarly, here, Plaintiff alleged no facts to support a plausible inference that Wells Fargo was an agent of Defendant.

In the absence of facts to support a plausible inference of an agency relationship between Defendant and Wells Fargo, any wrongful foreclosure claim Plaintiff has would be against the entity that foreclosed on his property. Defendant is not that entity. Accordingly, Plaintiff's claims against Defendant based on the alleged wrongful foreclosure are dismissed.

CONCLUSION

For the reasons set forth above, the Court denies all of Plaintiff's motions: Motion to Remand (ECF No. 5), Amended Motion to Remand (ECF No. 16), Motion to Set Aside an order by

15

the Superior Court (ECF No. 17), Motion for Declaratory Judgment (ECF No. 23), Motion to Strike several of Defendant's filings (ECF No. 26), Amended Motion to Set Aside an order by the Superior Court (ECF No. 33), and Motion to Certify Questions (ECF No. 35). The Court grants Defendant's Motion to Dismiss (ECF No. 14) and denies the Motion to Strike (ECF No. 19).

IT IS SO ORDERED, this 3rd day of October, 2019.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA