**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **PEDRO BURGOS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| **v.** | ) | |
| | ) | **4:19-CV-76-CDL** |
| **OPTION ONE MORTGAGE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**SAND CANYON CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR
ATTORNEY FEES PURSUANT TO 28 U.S.C. § 1927**</u>

Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation ("Sand Canyon") submits this reply to "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Attorney's Fees & Cost" (Doc. 44).

**ARGUMENT**

Plaintiff and his counsel Frederick Jones' ("Jones") response to Sand Canyon's Motion for Attorney Fees further demonstrates why sanctions are appropriate against Jones.[1]

**A.    Jones Misrepresents The Law On 28 U.S.C. § 1927, Which Applies An Objective Standard.**

Sand Canyon's motion for attorney fees was filed under 28 U.S.C. § 1927.  Sand Canyon set forth the proper standard the Court should apply in considering the motion in pages 3-5 of its principal brief. (Doc. 40-1, pp. 4-6).  Importantly, Sand Canyon pointed out on page 4 that "bad faith" within the meaning of § 1927 does not mean subjective bad faith or deliberate wrongdoing. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). Instead, the Eleventh Circuit has explained:  "it is clear from the statutory language and the case

---

[1] Since Sand Canyon's Motion for Attorney Fees under 28 U.S.C. § 1927 is filed against Jones, Sand Canyon will generally refer to "Jones" throughout this Reply, rather than "Plaintiff and Jones."

law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's **objective** conduct." *Id.* (emphasis supplied).

Nevertheless, beginning on page 5 of Plaintiff's response, Jones argues that § 1927 applies a *subjective* bad faith standard. To support his errant position, Jones discusses at length various cases involving the Court's "inherent power" to sanction attorneys appearing before the Court, rather than cases involving sanctions under § 1927. Undisputedly, the Court's inherent power to sanction is generally subject to a subjective bad faith standard.[2] But that was not the basis of Sand Canyon's motion for fees, and Jones' attempt to intermingle the two different types of sanctions and the different standards applicable to each appears to be intended solely to confuse the matter.

Then, on page 11, Jones leaves no doubt as to the reason he included the discussion of the Court's inherent power to sanction. Here, Jones blatantly misrepresents the applicable standard for awarding sanctions under § 1927. In paragraph 17, Jones argues: "An attorney do [sic] not multiplies [sic] proceedings 'unreasonably and vexatiously' within the meaning of **28 U.S.C. § 1927** when the attorney's conduct is not so egregious so as to 'tantamount to bad faith.'" (Doc. 44, p. 11, ¶ 17) (emphasis original). Jones continues his argument in paragraph 18 and says:

---

[2]   In *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017), the Eleventh Circuit explained that the standard a court applies in exercising its inherent power to sanction "is a subjective standard with a narrow exception for conduct tantamount to bad faith. Furthermore, recklessness alone does not constitute conduct tantamount to bad faith." *Id.* at 1223. The court stated further:

> As a starting point, **the inherent-powers standard is a subjective bad-faith standard.** The Supreme Court recently summarized the scope of a court's inherent powers, stating: "[A] court has [the] inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (citing *Chambers v. NASCO, INC.*, 501 U.S. 32, 45–46 (1991)). **Our circuit has linked inherent power sanctions with subjective bad faith**—"there is nothing preventing a federal court from exercising its inherent power to sanction an attorney, a party, or a law firm for their subjective bad faith." *In re Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995).

*Purchasing Power, LLC*, 851 F.3d at 1223–24 (emphasis supplied).

"**As the Eleventh Circuit has held:** '*bad faith*' *in this context* means *subjective bad faith* – *that is, deliberate wrongdoing, such as proceeding with claims the attorney knows for a fact are false or frivolous.*" See, *Amlong & Amlong, PA v. Denny's, Inc.*, 500 F. 3d 1230 – (11th Cir. 2007)." (Doc. 44, p. 11, ¶ 18) (italicized emphasis in original; underlined and bold emphasis supplied). Then, Jones reasons:  "subjective bad faith is not shown to have been caused by the Plaintiff in this case as a matter of Federal law. (Doc. 44, p. 11, ¶ 18).

Contrary to Jones' representation to this Court, the full quote from *Amlong* plainly states that an objective standard applies to § 1927 and it also reflects that the Amlongs were making the argument at the beginning of the quote; it was not the Eleventh Circuit's holding as indicated in Plaintiff's brief:

> **The Amlongs argue, however, that** "bad faith" in this context means *subjective* bad faith—that is, deliberate wrongdoing, such as proceeding with claims the attorney knows for a fact are false or frivolous. In other legal contexts, the term "bad faith" usually refers to deliberate fraud or misconduct. *See Black's Law Dictionary* 149 (8th ed. 2004) (defining "bad faith" as "[d]ishonesty of belief or purpose"); *cf. United States v. Foxman,* 87 F.3d 1220, 1223 n.2 (11th Cir. 1996) (interpreting references to "bad faith" delay in criminal prosecutions to mean situations where "the government acted to delay an indictment, hoping that the delay ... would prejudice the defense").  **But it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.**  The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some **objective** standard. The term "vexatiously" similarly requires an evaluation of the attorney's **objective** conduct.

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-40 (11th Cir. 2007) (emphasis supplied).[3]  Jones is not engaging in legal argument in his brief—it is blatant misrepresentation.

---

[3] In an apparent attempt to disguise his misrepresentation, Jones copied the portion of this quote that states an objective standard is applied without putting it in quotations marks and without attributing it to *Amlong* or otherwise explaining its application to the pending motion. (Doc. 44, p. 11, ¶ 19).

Now, although an objective standard applies, this Court should still evaluate whether

Jones acted intentionally.  As the Eleventh Circuit explained in *Amlong*:

> In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted **without** the specific purpose or intent to multiply the proceedings. **That is not to say the attorney's purpose or intent is irrelevant. Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be "unreasonabl[e] and vexatious[ ]" if it is done with a malicious purpose or intent.**

*Amlong*, 500 F.3d at 1241 (emphasis supplied).  Sand Canyon submits that Plaintiff's repeated

frivolous filings in this case, including his repeated threats of bar complaints and sanctions

against its counsel, combined with Jones' history of engaging in such conduct in other cases

demonstrates that Jones acted intentionally.

For example, in *Wilson v. JP Morgan Chase Bank, N.A.*, 2012 WL 603595 (N.D. Ga.

Feb. 24, 2012), the court cautioned Jones "to remember his obligations under Rule 11 and to

refrain from filing duplicative and redundant motions that have no legal support." *Id*. at *6.[4]

Similarly, in *Milligan v. IBM Se. Employees Fed. Credit Union*, 2011 WL 13217306 (N.D. Ga.

Oct. 26, 2011), *report and recommendation adopted,* 2011 WL 132217723 (N.D. Ga. Nov. 22,

2011), a case in which Jones withdrew from his representation of the plaintiffs after the court

repeatedly denied his meritless attempts to hold the defendant in default, the court referred to

Jones' filings as "*vexatious.*" *Id*. at *6 (emphasis supplied).  Additionally, "based on the equities,

the parties' pleadings, and the **vexatious nature of Plaintiff's repeated but meritless motions

for entry of default,"** the court agreed to Plaintiff's request to voluntarily dismiss the case

---

[4] In *Wilson*, the court noted that Jones suggested that JPMorgan's counsel should be subject to Rule 11 sanctions, but the Court rejected Jones' suggestion, explaining that "the lack of merit in Plaintiff's suggestion of Rule 11 sanctions … is **obvious**." *Wilson,* 2012 WL 603595, * 6 (emphasis supplied).

without prejudice but conditioned the dismissal on the stipulation that if the Plaintiffs re-filed their case, the court would award "costs and attorney's fees" against them. *Id.*

Similarly, in *First Tennessee Bank v. Cosby*, 2011 WL 13217908 (N.D. Ga. June 13, 2011), Jones represented the defendant homeowner and improperly removed the case to federal court.   After doing so, he filed multiple "motions" for declaratory judgment, preliminary injunctions, and findings of fact, all of which were denied.   In remanding the case to state court, the magistrate judge ordered that Jones' client "post a $10,000 bond should he again file another removal of this state court action, so that an award of attorney's fees and sanctions against the removing party will be covered in the event of another **unfounded** removal of this action is attempted." *Id.* at *4 (emphasis supplied).   The district court adopted the magistrate judge's report and recommendation over Jones' objection. 2012 WL 13008340 (N.D. Ga. Feb. 27, 2012). In reaching its decision, the court noted that Jones' objections "consist of irrelevant facts and quotes and inaccurate statements of law." *Id.* at *1.   Jones' pattern of frivolous filings in these cases is evidence that his vexatious conduct in the present case was intentional.

**B.**     **The Legal Theories That Jones Claims Support A Good Faith Belief Are Frivolous.**

On page 6 of his response, Jones points to three legal theories that he claims support his good faith in advancing the arguments at issue.   However, this Court has already reviewed these arguments and found them so devoid of merit that they did not warrant any discussion.   In the Order entered on October 3, 2019, the Court stated: "The Court finds Plaintiff's other arguments in favor of setting the judgment aside *unpersuasive*, and quite frankly, *not worthy of additional discussion*." (Doc. 38, p. 8) (emphasis supplied).

First, Jones says he acted in good faith because of the "pending appeal" "that acted as a supersedeas in this case at the time of the May 1st, 2019 hearing." (Doc. 44, p. 6, ¶ 4).  Jones is referring to the notice of appeal he filed regarding a post-judgment order that merely set a

hearing on a post-judgment motion.  Of course, the Court has already noted that Jones' attempt to appeal the notice of hearing on the post-judgment motions was "clearly frivolous." (Doc. 38, p. 8 n.2).

Second, Jones claims he had a good faith belief that the default judgment could not be set aside "after the term of court." (Doc. 44, p. 6, ¶ 4).  This argument is also frivolous because the judgment was set aside due to insufficient service of process. (Doc. 1-7, p. 3, May 1, 2019 Order).  And Georgia law is clear that "[s]ervice of process is essential to give a court jurisdiction of a case" and that a "judgment void for lack of jurisdiction of the person may be attacked at any time." *Womble v. Commercial Credit Corp.*, 203 S.E.2d 204, 205 (Ga. 1974); *see also* O.C.G.A. § 9-11-60(d)(1), (f).

Third, Jones argues that he had a good faith belief that "Defendant's counsel lacked authority as a public officer to issue a notice of hearing as he was not a Clerk of Court to set a hearing as required by order of the Superior Court of Muscogee County." (Doc. 44, p. 6, ¶ 4). However, there is no law requiring hearing notices to be served by a court clerk as opposed to an attorney for one of the parties.  Further, the hearing was being re-scheduled *at Jones' request*, notice of the new hearing date was served on Jones twenty (20) days prior to the hearing, Jones filed supplemental arguments before the hearing, and, most importantly, Jones and his client attended and fully participated in the hearing without objection.

Jones' arguments are frivolous and do not support a finding of good faith.

## C.    Jones Cannot Avoid Liability By Claiming His Client Directed His Conduct.

Jones next argues that he cannot be held liable under 28 U.S.C. § 1927 because he acted at the direction of his client. (Doc. 44, p. 7, ¶ 1; p. 12, ¶ 1).  However, "[n]othing could be farther from the truth." *Blair v. Shenandoah Women's Ctr., Inc.*, 757 F.2d 1435, 1438 (4th Cir. 1985).  Indeed, courts have emphatically rejected "any suggestion that a lawyer may shield his

transgressions behind the simplistic plea that he only did what his client desired." *Id.*  In *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306 (11th Cir. 2002), the Eleventh Circuit explained:

> **An attorney should not be an unreflecting conduit through which the opinions or desires of a client or witness are permitted to flow unchecked.** As the Georgia ethics rules indicate, **an attorney has a duty to "exercise independent professional judgment."** Georgia Code Canon 5 (capitalization and italics omitted); *cf.* Georgia Rule 2.1 (same). Independent judgment is an essential ingredient of good lawyering, since **attorneys have duties not only to their clients, but also, as officers of the court, to the "system of justice" as a whole.** *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1546 (11th Cir.1993) ("All attorneys, as 'officers of the court,' owe duties of complete candor and primary loyalty to the court before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly."). **Given this duty, it follows that an attorney cannot "file first and think later,"** *In re TCI Ltd.,* 769 F.2d 441, 442 (7th Cir.1985), **thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document.**

*Thomas*, 293 F.3d at 1327 (emphasis supplied).

Jones' attempt to hide behind his client's instructions to file the frivolous motions does not shield him from liability in this case.  *See Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1055–56 (M.D. Fla.), aff'd, 88 F. App'x 391 (11th Cir. 2003) ("An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to *carte blanche* to burden the federal courts by pursuing claims that are frivolous on the merits.").

**D.      Section 1927 Does Not Require A Safe-Harbor Notice Like Rule 11.**

Jones also argues that he was never put on notice of Sand Canyon's intent to seek attorney fees. (Doc. 44, p. 12, ¶ 1).  However, unlike Rule 11, there is no requirement that a movant under § 1927 provide prior notice of its intent to file a motion for attorney fees.  In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the court explained:  "Unlike Rule 11 sanctions, a motion for excess costs and attorney fees under § 1927 is not predicated upon a 'safe harbor' period, nor is the motion untimely if made after the final judgment in a case." *Id.* at 297;

7

*see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 n.2 (4th Cir. 2004) (explaining that failure to comply with safe-harbor provision under Rule 11 has "no effect on the court's authority…to award costs pursuant to 28 U.S.C.A. § 1927").

Similarly, in *Macort v. Prem, Inc.*, 208 F. App'x 781 (11th Cir. 2006), the court explained that the movant's failure to provide the 21-day safe-harbor noticed "forecloses Rule 11 sanctions" and that as a result, the court could "consider only whether § 1927 sanctions" were appropriate. *Id.* at 786. Sand Canyon's motion is filed under 28 U.S.C. § 1927, not Rule 11. Prior notice was plainly not required in order to seek attorney's fees under § 1927, and Jones' argument to the contrary is meritless.

**E.    Jones' Claim That The Invoices Are Not Authenticated Is Baseless.**

Jones does not challenge the amount of attorney fees being sought; he only argues in conclusory fashion that "the attorney's invoice bill is mostly redacted and not properly authenticated." (Doc. 44, p. 12, ¶ 2). However, Jones does not cite to any rules or cases that support his position, nor does he explain his argument in any further detail. Once again, Jones' argument fails because Sand Canyon's bills have been properly authenticated by the Affidavits of Stephen Walsh and Gary Toman, (Docs. 40-2 and 40-3), both of which were included in Sand Canyon's original filing and discussed in pages 13 and 14 of Sand Canyon's brief. As demonstrated therein, the itemized invoices included in Sand Canyon's submission at Doc. 40-2, pp. 8-19, are the actual invoices incurred by Sand Canyon for professional services provided by Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC ("WWHGD") in July, August, and September 2019 in opposing Plaintiff's five (5) frivolous motions which are the subject of Sand Canyon's motion for attorney fees. (Doc. 40-2, Walsh Aff. ¶ 11; Doc. 40-3, Toman Aff. ¶ 10).

The Walsh and Toman Affidavits explain further that these invoices are WWHGD's business records, made and kept in the ordinary course of business, and that the invoices

8

accurately reflect the amount of time, the hourly rate, and the charge for each WWHGD professional working on the matter. (Doc. 40-2, Walsh Aff. ¶ 12; Doc. 40-3, Toman Aff. ¶ 11). This undisputed testimony, along with the production of the invoices themselves, is more than sufficient to demonstrate that the invoices are what they purport to be. *See* Fed. R. Evid. 901(a). Jones' authentication argument is plainly meritless.

Similarly, Jones' complaint about the redactions is also without merit.  Time entries that are not being pursued in Sand Canyon's motion are redacted.  Additionally, portions of some entries that are being sought have limited redactions to exclude attorney-client privileged information included in the description. (Doc. 40-2, Walsh Aff. ¶ 12; Doc. 40-3, Toman Aff. ¶ 11).  There are no other redactions, and the limited redactions do not impede a determination of whether the activity was related to the motions at issue. *See, e.g., Hartford Fire Ins. Co. v. P & H Cattle Co.*, 2006 WL 3612661, at \*4 (D. Kan. Dec. 11, 2006).  Further, Jones does not complain about any specific time entry being redacted, nor does he provide any explanation as to why or how the limited redactions affect his ability to oppose Sand Canyon's motion.  His general objection includes no case cites, details or any other specifics and should be summarily rejected by this Court.

## <u>CONCLUSION</u>

In sum, Jones' behavior in filing of the five (5) frivolous motions is wholly unacceptable. Sanctions are warranted under 28 U.S.C. § 1927 in the undisputed amount of <u>$126,982.00</u>.

Respectfully submitted,

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**


*/s/ Gary J. Toman*
Gary J. Toman
Georgia Bar No. 714651
3344 Peachtree Road, NE,
Suite 2400
Atlanta, Georgia 30326
Phone: 404-832-9592
Fax: 404-875-9433
GToman@wwhgd.com


*/s/ Stephen A. Walsh*
Stephen A. Walsh (Admitted *pro hac vice*)
100 Corporate Parkway, One Lake Level
Birmingham, AL 35242
Phone: 205-572-4107
Fax: 205-572-4199
SWalsh@wwhgd.com

*Attorneys for Sand Canyon Corporation
f/k/a Option One Mortgage Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel of record for Plaintiff by filing the foregoing on the Court's ECF system, which will email notice to counsel:

Frederick S. Jones
Johnson, Jones, Watkins & Cooper, LLC
218 Flat Shoals Church Road
Stockbridge, GA 30281
black_dragon _talon@yahoo.com

Respectfully submitted this 20th day of November 2019.


/s/ Gary J. Toman
Gary J. Toman

10