```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

PEDRO J. BURGOS,                *

     Plaintiff,                 *

vs.                             *
                                       CASE NO. 4:19-CV-76 (CDL)
SAND CANYON CORP.,              *

     Defendant.                 *
```

O R D E R

Plaintiff's counsel, Frederick S. Jones, flooded the Court with a series of motions and briefs, many of them duplicative of each other, arguing that this Court lacked subject matter jurisdiction over the action, that a state court default judgment in Plaintiff's favor was not properly set aside, and that Plaintiff's complaint stated a claim upon which relief could be granted.[1]  Defendant responded to these filings and now seeks sanctions under 28 U.S.C. § 1927, arguing that five of Jones's motions were frivolous and unnecessarily multiplied the proceedings.  The Court grants Defendant's motion (ECF No. 40) to the extent set forth below.

---

[1] The Court concluded that it did have subject matter jurisdiction, that the state court default judgment was properly set aside, and that the complaint must be dismissed because it did not state a claim upon which relief may be granted.  See generally Burgos v. Sand Canyon Corp., No. 4:19-CV-76 (CDL), 2019 WL 4889268 (M.D. Ga. Oct. 3, 2019). Plaintiff appealed, and the Eleventh Circuit affirmed. Burgos v. Sand Canyon Corp., No. 19-14483, 2020 WL 2181877 (11th Cir. May 6, 2020).

"Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An attorney multiplies court proceedings unreasonably and vexatiously, thereby justifying sanctions under 28 U.S.C. § 1927, only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Eldredge v. EDCare Mgmt., Inc.*, 766 F. App'x 901, 907 (11th Cir. 2019) (quoting *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)). "Bad faith is an objective standard that is satisfied when 'an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.'" *Id.* (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007)). A finding of bad faith is also "warranted where an attorney knowingly or recklessly raises a frivolous argument" or if he delays or disrupts the litigation. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "[A] district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings;" "objectively reckless conduct is enough to warrant sanctions even if the attorney does

2

not act knowingly and malevolently." *Amlong & Amlong*, 500 F.3d at 1241.

Here, Defendants object to five of Jones's filings: (1) Plaintiff's Motion to Set Aside Void Order (ECF No. 17), (2) Plaintiff's Motion for Declaratory Judgment (ECF No. 23), (3) Plaintiff's Counter Motion to Strike (ECF No. 26), (4) Plaintiff's Amended Motion to Set Aside Void Order (ECF No. 33), and (5) Plaintiff's Motion to Certify Questions to Georgia Supreme Court (ECF No. 35).  In all five of the challenged filings, Jones argued that (1) the Superior Court of Muscogee County lacked subject matter jurisdiction to enter an order setting aside the default judgment against Defendant because Plaintiff had filed a notice of appeal regarding the Superior Court's order setting a hearing, (2) Defendant's motion to set aside the default judgment in the Superior Court was untimely, and (3) *Younger v. Harris* abstention applied.  In four of the five challenged filings, Jones also argued that the Superior Court lacked jurisdiction to set aside the default judgment after the term of court in which it was entered.  Jones also made most of these arguments in response to Defendant's motion to dismiss.[2]

---

[2] Plaintiff's response to the motion to dismiss was combined with his reply in support of Plaintiff's motion to remand.  Defendant moved to strike the portion of the brief that contained the arguments regarding notice of appeal, term of court, and *Younger* abstention, arguing that it was an untimely reply brief that exceeded the Court's page limits.

The Court found that the notice of appeal, term of court, and timeliness arguments were so meritless that they were unworthy of discussion. The Court further concluded that there was no legitimate basis for *Younger* abstention. Moreover, the motion for declaratory judgment was clearly procedurally improper, the motion to strike Defendant's motion to dismiss was in essence an out-of-time response (or unauthorized sur-reply) to the motion to dismiss, and the amended motion to set aside void order was an attempt to file an out-of-time reply in support of the original motion to set aside.[3]  Even if the arguments raised in these briefs had not been frivolous or duplicative, this attempt to circumvent the Court's local rules by filing untimely briefs disguised as "motions" cannot be condoned.

Jones argues that he had a good faith belief that he was on solid ground with each legal argument he advanced in his

---

The Court denied the motion to strike because the brief was timely if it was considered a response to Defendant's motion to dismiss, and one of Plaintiff's arguments in opposition to dismissal was that the Court should not decide the motion to dismiss because it did not have subject matter jurisdiction over the action.  Plaintiff's notice of appeal, term of court, and *Younger* abstention arguments were as much in opposition to the motion to dismiss as they were in support of the motion to remand, and the Court considered them in determining whether the Court could decide the motion to dismiss. Defendant chose not to address these arguments in its reply in support of Defendant's motion to dismiss.

[3] This "motion" raised, for the first time, Jones's new and baseless argument that the Superior Court's hearing on the motion to set aside the default judgment was void because he did not receive proper notice of it, even though he did receive actual notice of the hearing and attended it.

duplicative filings. But if an attorney knowingly or recklessly pursues a frivolous argument, then a finding of bad faith is warranted. Here, Jones was at least reckless when he pursued his frivolous arguments. Even so, Defendant gives Jones one free pass: Defendant does not argue that Jones should be sanctioned for making these frivolous arguments in response to Defendant's motion to dismiss. The real problem is that Jones copied those frivolous arguments into five separate, improper "motions." Filing five meritless "motions" to advance the same frivolous arguments that were already made in a response brief fit the textbook definition of unreasonable and vexatious multiplication of litigation. This behavior merits § 1927 sanctions.

Turning to the issue of sanctions, the Court "may" require Jones "to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably* incurred." 28 U.S.C. § 1927 (emphasis added). Defendant asserts that its attorneys spent more than 360 hours responding to the challenged motions, for a total of $126,982.00 in attorney's fees. The Court finds Defendant's fee request excessive. The Court finds that it was reasonable for Defendant to spend five associate hours at the rate of $255 per hour and one partner hour at the rate of $435 per hour responding to each of Jones's five duplicative and objectively frivolous motions. Accordingly, Defendant

reasonably incurred a total of $8,550.00 in attorney's fees responding to these "motions."[4]  Jones personally shall be required to pay Defendant for these fees as a sanction for his conduct.

## CONCLUSION

In summary, the Court grants Defendant's motion (ECF No. 40).  Section 1927 sanctions are warranted for Jones's five frivolous and duplicative "motions."  Jones shall personally pay to Defendant $8,550.00 within fourteen days of today's order.

IT IS SO ORDERED, this 16th day of July, 2020.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[4] Defendant did not file a response to Jones's motion to certify questions to the Georgia Supreme Court, but only because the Court denied the motion before the response deadline.  Defendant's attorneys did spend time working on the response.

6